[No. 4915.]

## HENRY PIERCE v. CHARLES ALLARD LOW.

RECITALS IN TAX DEED.—In the absence of a statute declaring that the re-
citals in a tax deed shall convey the title to the land therein described,
and shall be *prima facie* evidence of title, the burden is cast on the
party claiming under the deed of proving that the recitals are true.

APPEAL from the District Court, Nineteenth Judicial Dis-
trict, City and County of San Francisco.

Henry S. Dexter died in San Francisco, in January,
1871, seised of a lot of land in said city. The plaintiff, in
October, 1872, became the administrator of his estate with
the will annexed. The taxes for the fiscal year 1871–2 were
not paid, and the lot was sold by the tax collector for the tax,
in December, 1871. A deed was given to the purchaser in
June, 1872. The deed recited that the property was sold
in front of the tax collector's office, and the statute permitted
it to be sold there, but there was no statute declaring the
the effect of a recital that the property was sold in front of
the tax collector's office. This was an action of ejectment
brought by the administrator to recover the lot. The de-
fendant claimed under the tax deed. On the trial the
plaintiff having proved title, rested. The defendant then
offered in evidence the tax deed. The plaintiff objected to
the same, but the court admitted it in evidence subject to
the objections. The parties then rested, and the court ren-
dered judgment for the defendant. The plaintiff appealed.

The other facts are stated in the opinion.

*Lloyd Baldwin*, for Appellant.

We are willing to adopt the rule laid down in the statute,
that a deed containing certain recitals therein specified is
*prima facie* sufficient to "convey to the grantee the abso-
lute title to the lands described in said deed." In the ab-
sence of this statutory provision giving such effect to the
recitals, it would devolve upon the party claiming under
the tax deed to prove all the antecedent requirements. (*Nor-
ris* v. *Russell*, 5 Cal. 249.)

But the deed here recites that the property was, by the

tax collector, " offered at public auction, in the tax collector's office in said city and county." There is no law in existence which declares that a deed containing this latter recital shall convey any title whatever, either absolute or otherwise.

*Charles A. Low*, for self, argued that the tax deed was *prima facie* evidence of title, and that it devolved on the plaintiff to impeach it.

By the COURT:

The Revenue Act of 1857 (Sec. 18), required that the tax collector's certificate and deed should contain the recital, *inter alia*, that the property assessed was "in accordance with law offered at public auction in front of the county court-house," and declared (Sec. 22), that a deed containing the requisite recitals "shall convey to the grantee the absolute title in the lands described therein," etc. Such a deed was made *prima facie* evidence of title. The Revenue Act of 1857 required the property to be sold in front of the county court-house. The statute of 1865–66 permits the sale in San Francisco to be made in or in front of the tax collector's office, but no corresponding change is made as to the recital in the tax certificate or deed.

In the case before us the tax deed contains a recital that the property was " offered at public auction in the tax collector's office."

It is not here necessary to decide that a deed not containing the statutory recitals is inadmissible for any purpose, or that it would not constitute *prima facie* evidence of the truth of the recitals which do accord with the statute. It is quite certain that when a recital to which so extraordinary an effect is given is omitted, the burden is at least cast upon the party relying on the deed of proving that the sale was in fact made where the law permits it to be made.

Judgment reversed and cause remanded for a new trial.