[Civ. No. 833.   Second Appellate District.—January 30, 1911.]

# FANNIE C. McLAUCHLAN and E. McLAUCHLAN, Her Husband, Respondents, v. W. A. BONYNGE, Trustee, ALEXANDER GUNN, MILTON METZLER, W. B. RAYMUND COMPANY, a Corporation, and COMMERCIAL NATIONAL BANK, a Corporation, Appellants.

TAXATION—ASSESSMENT PRIMA FACIE INVALID—INSUFFICIENT DESCRIPTION.—An assessment of city lots as "In Los Angeles city, in Los Angeles county, in Clifton Tr., lots 6, 7 and 8," separately assessed, is insufficient to identify the lots, and, standing alone, it is *prima facie* invalid as to each lot.

ID.—OVERCOMING PRIMA FACIE CASE.—Notwithstanding the fact that such description is, when considered alone, insufficient, the party relying upon the assessment containing such incomplete description may supplement his case by showing that the description in the assessment is in fact sufficient to identify the property.

ID.—MAP NOT REFERRED TO IN ASSESSMENT OR TAX DEEDS—REFERENCE TO PRIOR AND SUBSEQUENT PRIVATE DEEDS—PRESUMPTION INAPPLICABLE—PROCEEDINGS IN INVITUM.—Where no map was referred to in the assessment or tax deeds to and from the state, the reference to a recorded map of the "Clifton Tract," in a deed in plaintiff's chain of title prior to the assessment, and in subsequent deeds in defendant's chain of title, and a rule of presumption of the existence of the map at the date of the assessment, claimed to be based upon such private deeds, can have no application to cases where it is sought to divest an owner of his title by proceedings *in invitum*.

ID.—IDENTIFICATION OF DESCRIPTION IN ASSESSMENT—INTRODUCTION OF MAP WITH PROOF ESSENTIAL.—In order to identify the description in the assessment, mere proof of the existence of a map at its date raises no presumption of its integrity or authenticity; but, in addition to such proof, the map itself, with proof that it was the only map of any tract in the city of Los Angeles known as the "Clifton Tract" existing at the date of the assessment, and showing that the lots in question were delineated thereon, should be presented to the court.

ID.—ABSENCE OF SUFFICIENT PROOF—PRIMA FACIE INVALIDITY NOT OVERCOME—ORDER GRANTING NEW TRIAL.—Where there was the absence of sufficient proof at the trial to overcome the *prima facie* invalidity of the description in the assessment and tax deeds, and the court erred in sustaining the tax proceedings, it did not err in granting a new trial.

ID.—ABSENCE OF SUFFICIENT PROOF NOT WAIVED.—It is held that the record discloses no admissions or concessions on the part of the

plaintiffs, either express or implied, which could be deemed a waiver of the proof conceded to be necessary in order to apply the description to the lot.

ID.—ACTION TO QUIET TITLE—PLEADINGS—TAX TITLE NOT SET FORTH—TENDER OF TAXES NOT REQUIRED.—In an action to quiet title where there is nothing in the complaint or answer referring to a tax title, it cannot be urged that plaintiff should have tendered the taxes as a condition of maintaining the action. If it should appear as the result of the proof on a new trial that plaintiff should pay the taxes as a condition of recovery, it is to be assumed that the court will impose such terms as the facts disclosed by the trial may warrant.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Lynn Helm, and E. S. Williams, for Appellants.

O. B. Carter, for Respondents.

SHAW, J.—Action to quiet title to real estate. The court found in favor of the validity of certain tax proceedings and tax deeds issued thereunder by virtue of which defendants asserted title to the property in controversy, and gave judgment for defendants. Thereafter, the court made an order granting plaintiffs' motion for a new trial "because of the insufficiency of description in the tax deeds and assessments." Defendants appeal from this order.

The description of the property as contained in both the assessment-roll and deeds under which defendants claim title is as follows: "In Los Angeles city, in Los Angeles county, in Clifton Tr., lots 6, 7 and 8," the same, however, being separately assessed. It has been repeatedly held that such an assessment is insufficient to identify the property, and hence, standing alone, it is *prima facie* invalid. (*Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352]; *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007]; *Houghton* v. *Kern Valley Bank,* 157 Cal. 289, [107 Pac. 113].) Notwithstanding the fact that such description is, when considered alone, insufficient, the party relying upon the assessment containing such incomplete description "may supplement his case by showing that the

description in the assessment is in fact sufficient to identify the property." (*Houghton* v. *Kern Valley Bank,* and cases *supra.*) "If reference is made to a map, the map thereby becomes a part of the description, and may be read in evidence to identify the land, by showing that it is delineated thereon according to the recital." (*Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293].) Conceding the description to be *prima facie* insufficient, appellants insist that the evidence introduced was sufficient to overcome the *prima facie* showing of insufficiency, and did clearly identify the property as being the same as that claimed by plaintiffs and described in the complaint as situate in the city of Los Angeles, county of Los Angeles, state of California, and being lots 6, 7 and 8 of the Clifton tract, as per map thereof recorded in book 22, page 68, miscellaneous records in the recorder's office of said county.

No reference was made in the assessment to any map of the Clifton tract and no map thereof was offered in evidence. For the purpose, however, of establishing their title to the property, plaintiffs introduced in evidence a deed executed in 1888, whereby the property was conveyed to them and wherein the property was described as set forth in the complaint. Likewise, for the purpose of showing their title, defendants introduced in evidence the deeds under which they deraigned their asserted title, in all of which other than in those made to and by the state, which in describing the property followed the description contained in the assessment-roll made in 1894, the property was described as set forth in the complaint.

Appellants insist that as the deed of 1888 plainly referred to a specified map of the Clifton tract, it will be presumed, in the absence of evidence to the contrary, that such map existed in 1888, and that the lots in question were properly delineated thereon; and, as the contrary is not shown, it must also be presumed that such map was in existence at the time when the assessment was made, which fact, it is claimed, is corroborated in that some of the deeds whereby defendants deraigned title likewise described the property according to such map. In other words, defendants invoke the rule applicable in such cases to ordinary deeds of conveyance from one person to another. This rule has no application to cases

where it is sought to divest a property owner of his title by proceedings *in invitum.* (*Labs* v. *Cooper,* 107 Cal. 656, [40 Pac. 1042] ; *Chapman* v. *Zoberlein,* 152 Cal. 216, [92 Pac. 188] ; *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004].) The description according to the specified map in the one case is *prima facie* good; in the other, it is *prima facie* insufficient to identify the property, unless accompanied by evidence which will enable the court to apply the description to some specific portion of land. In the case at bar, the property is described as certain lots of a larger tract, but since no reference is made in the description to any map, such description, standing alone, is meaningless. In order to identify the property by such description there should be evidence, not only of the existence of a map, but such map itself, with proof that it was the only map of any tract in the city of Los Angeles known as the Clifton tract existing at the time when the assessment was made, and showing that the lots in question were delineated thereon, should be presented to the court. As the validity of defendants' asserted title was based upon the tax proceedings, proof of the existence of a map raised no presumption in favor of its integrity or authenticity. From all that appears in the record, there may have been another map of a tract of land in the city known as the Clifton tract; or, if only one such map was shown to exist, it might under examination have disclosed duplicate numbered lots delineated thereon, or other ambiguities, rendering the description uncertain, and which ambiguities, while not, unless shown, affecting the *prima facie* sufficiency of description contained in the deeds, nevertheless would render it impossible, even with the aid of such map, to identify the property under the description contained in the assessment.

By making the order granting a new trial- for the reasons therein given, the court determined that the evidence offered was not of a character to overcome the admitted *prima facie* insufficiency of the description contained in the assessment. We cannot say the court erred in the ruling.

A great part of appellants' argument is devoted to the contention that throughout the record it appears that plaintiffs, by admissions both express and implied, conceded the property described in the complaint to be identical with that referred to in the tax proceedings. We perceive no merit in

such contention. Whether it was the same property was the only point in controversy, and the solution of the question depended upon the sufficiency of the description in the tax proceedings, which, as we have seen, was *prima facie* invalid. The record discloses no admissions or concessions on the part of plaintiffs, either express or implied, which could be deemed a waiver of the proof conceded to be necessary in order to apply the description to the lots described in the complaint.

Appellants also insist that the making of the order was erroneous, for the reason that plaintiffs did not tender or offer at any stage of the trial to pay the amount of taxes levied against the property and for the nonpayment of which it was sold. The action was brought under the provisions of section 738, Code of Civil Procedure, to quiet the alleged title of plaintiffs against the adverse claim of defendants. While the pleadings contain much matter constituting mere surplusage, there is not the slightest reference, either in the complaint or answer, to the fact that defendants' asserted title was based upon a sale of the property for the nonpayment of any tax levied thereon; hence, under the pleadings, plaintiffs were not called upon, as a condition of maintaining the action, to tender any tax. Assuming, as claimed by appellants, that plaintiffs should pay, or offer to pay, the tax before recovering a judgment herein, the answer is that plaintiffs have recovered no judgment, and we cannot assume in advance that the trial court will not, as a condition of recovery on the part of plaintiffs, if they should recover, impose such terms as the facts disclosed by the trial may warrant.

We find no error in the ruling of the court, and the order granting a new trial is therefore affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1911.