[L. A. No. 3736—Department Two.—September 29, 1914.]

In the Matter of the Estate of ANNA N. McKENNA, Deceased. J. IRVING McKENNA, Administrator, Appellant; ADDIE NORAH THOMPSON, Respondent.

ESTATE OF DECEDENT—WIDOW DYING INTESTATE—SUCCESSION TO PROPERTY ACQUIRED BY GIFT FROM HUSBAND—CHILDREN OF HALF BLOOD. Upon the death intestate of a widow who had been twice married, and who left surviving a child by each marriage, property which had once been the separate property of her last husband, and which he had conveyed to her by deed of gift, descends in equal shares to each of her children, in accordance with the provisions of subdivision 1 of section 1386 of the Civil Code.

APPEAL—DETERMINATION OF TITLE—DAMAGES FOR FRIVOLOUS APPEAL.— The title to the property in controversy having been previously finally determined adversely to the contention of the appellant, in the case of *Thompson* v. *McKenna*, 22 Cal. App. 130, the present appeal is deemed frivolous, and damages are awarded against the appellant.

APPEAL from a decree of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Catherine A. McKenna, for Appellant.

Joseph Scott, for Respondent.

MELVIN, J.—This is an appeal from a decree of distribution by which the property of the deceased, Anna N. McKenna, was distributed in equal shares to her children, J. Irving McKenna and Addie Norah Thompson.

Respondent makes the initial objection that the appeal is by J. Irving McKenna in his capacity of administrator, and that it may not be considered because in such a case the administrator, as such, has no appeal from a decree of distribution. The notice of appeal is, to say the most that can be said of it, somewhat ambiguous. It announces that "the administrator, J. Irving McKenna, hereby appeals," etc., while the final paragraph states that "the said J. Irving Mc-

Kenna does hereby appeal . . . by the procedure allowed by section 953a of the Code of Civil Procedure.'' It might well be argued that the specification of the procedure to be followed by the ''said J. Irving McKenna,'' who had been previously described as an administrator taking the appeal would not amount to a declaration that he appealed also in his personal and not in his representative capacity, but we will assume, for the purposes of this opinion, without so deciding, that he is here on appeal personally and as an heir, because the lower court decided the question of distribution correctly.

In 1869 John McKenna owned the real property here in question. Thereafter he married Anna N. Butler (the decedent Anna N. McKenna of this proceeding). She had one daughter at that time, who is the respondent here. Subsequently J. Irving McKenna was born to Anna N. and John McKenna. On May 23, 1891, John McKenna died intestate, leaving his widow and his son J. Irving McKenna as his heirs. More than six months before his death John McKenna had executed a deed of gift to his wife, conveying the property to her. The facts are fully set forth in *Thompson* v. *McKenna,* 22 Cal. App. 130, [133 Pac. 512]. Indeed that case is conclusive of this matter. The same property was there involved and the district court of appeal affirmed a judgment that title was vested in J. Irving McKenna and his half-sister, Addie Norah Thompson, individually, as heirs of Norah Anna McKenna, deceased, subject to administration in her estate and that neither had any right, title, or interest in the land otherwise. The appellate court approved the finding of the lower court that Nora Anna McKenna's title to the property was founded also upon open, notorious, and exclusive possession thereof for more than twenty years. A motion for rehearing was denied by this court.

In the face of the above judgment the appellant here contends that the estate should not be distributed in accordance with section 1386, subdivision 1 of the Civil Code, but that section 1394 of the Civil Code, applied to the facts of this case would exclude Mrs. Thompson from participating in the distribution of the land which had once been the separate property of her step-father. That section is as follows: ''Kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise, or gift of some one of his ancestors,

in which case all those who are not of the blood of such ancestors must be excluded from such inheritance.'' We cannot see how the section quoted above can possibly have any sort of application to the facts of the proceeding .at bar. While the appellant and respondent are as to each other kindred of the half blood, their mother was, as to both of them, of the whole blood. Some effort has been expended by counsel for appellant to convince us that in contemplation of law John McKenna was the ''ancestor'' of his wife and that inasmuch as the respondent here was not of his blood, she may not take any of the property which was his separate estate when he married. But even that interpretation would not make Mrs. Thompson of the half blood of her mother and bring her under the provisions of section 1394. As was said by this court in .the opinion *In re Pearsons,* 110 Cal. 526, [42 Pac. 961] : ''Our code has no allusion to 'the blood of the first purchaser,' and makes no attempt at any distinction founded upon the sources from which the estate of a decedent may have been derived—except in the single instance of kindred of the half blood.''

But eliminating all question of appellant's asserted right by inheritance to property which had once been the separate estate of his father, he knew when he took his appeal that the court of last resort had finally sustained a solemn adjudication that his mother, long after his father's death, had acquired title to the property *by prescription,* even if the deed had not been effective. The very question presented upon this appeal, —namely, the unqualified title to this real property in his mother's estate, had been finally determined. In spite of that knowledge he took this frivolous appeal.

Let the judgment be affirmed with a penalty of fifty dollars to be paid by appellant to respondent.

Lorigan, J., and Henshaw, J., concurred.