[Civ. No. 3895. Third Appellate District.—February 6, 1930.]

## GRACE P. WARDEN, Appellant, v. LULU BRANDES, Respondent.

 

J. Everett Brown for Appellant.

Goudge, Robinson & Hughes for Respondent.

BURROUGHS, J., *pro tem.*—The plaintiff commenced this action to quiet her title to "Lot Seventy-eight of Tract 1889 as per Map recorded in Book 21, page 29 of Maps, Records of Los Angeles County." The defendant answered denying the plaintiff's ownership and alleged title in herself.

At the close of plaintiff's case the defendant moved for a nonsuit which was granted and judgment of nonsuit was thereupon entered. The plaintiff appeals therefrom.

In support of her claim of title plaintiff offered and the court received in evidence records of proceedings of the city of Los Angeles, creating a certain sewer assessment district; also records purporting to levy an assessment upon the land in said district including *fractional* lot 78 of Tract 1889 as per map recorded in book 21, page 29, of maps, records of Los Angeles County. The plaintiff thereupon offered and the court received in evidence a deed made and executed by the treasurer of the city of Los Angeles to the plaintiff herein. Said deed recited the various proceedings in the matter of the above-mentioned assessment district and also the levying of an assessment thereunder and the sale to the plaintiff of "Fractional Lot 78, Tract 1889, Map Book 21, page 29, Records of Los Angeles County" for an unpaid assessment of $55.98. The plaintiff thereupon rested and on motion of the defendant the nonsuit was granted. The motion was made on the ground that lot seventy-eight described in the complaint and fractional lot 78 described in the assessment proceedings and in the plaintiff's deed, were not the same property.

It seems to be conceded by both parties that there is a variance between the description contained in the complaint and that described in the assessment proceedings and the deed. We are of the opinion that such is the case. 

However, it has been held that where a description of land in a deed is *prima facie* insufficient to identify the property intended to be described, extrinsic evidence is admissble as a means of identification. (*Thompson* v. *McKenna,* 22 Cal. App. 129 [133 Pac. 512]; *Green* v. *Palmer,* 68 Cal. App. 393 [229 Pac. 876]; *Campbell* v. *Shafer,* 162 Cal. 206 [121 Pac. 737].)

 Appellant contends that because her deed recites the assessment numbers, bond numbers and the district in which the improvements were made; that the warrant, assessment-roll and map diagram introduced in evidence contain the same assessment numbers, bond numbers and description contained in the deed thereby cures any defect on the face of her deed. But the same description appears throughout the assessment records as appears in her deed and, there-fore, does not constitute a connecting link between the land described in her complaint and that described in her deed, nor does it identify them as one and the same parcel of land. Had plaintiff proved that there was but one lot numbered 78 in the tract, whether denominated as fractional or otherwise, and but one tract numbered 1889 and but one map of such tract, then the parcels of land would be properly identified and the defect cured. The deed itself is *prima facie* evidence of its contents and the other evidence introduced merely supports the *prima facie* showing made by the deed.

In *McLauchlan* v. *Bonynge,* 15 Cal. App. 239, it is said at page 242 [114 Pac. 798, 799]:

"In order to identify the property by such description there should be evidence, not only of the existence of a map, but such map itself, with proof that it was the only map of any tract in the city of Los Angeles known as the Clifton tract existing at the time when the assessment was made, and showing that the lots in question were delineated thereon, should be presented to the court."

To the same effect is *Thompson* v. *McKenna, supra,* and *Campbell* v. *Shafer, supra.*

Under the above decisions the plaintiff was entitled to introduce evidence that lot 78 described in the complaint and fractional lot 78 were the same. This could have been done by the method pointed out in *McLauchlan* v. *Bonynge, supra,* or any other appropriate method, but having failed

to do so, the court was correct in granting the motion for a nonsuit.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.