[Civ. No. 7263. First Appellate District, Division Two.—February 13, 1930.]

JOHN A. RICHARDS et al., Appellants, v. BERT E. SELLERS et al., Respondents.

Guy Lewis for Appellants.

William Ellis Lady for Respondents.

STURTEVANT, J.—This is an action to quiet title. The plaintiffs framed their complaint in the ordinary form of an action to quiet title. The defendants appeared and filed an answer in which they denied many of the allegations of plaintiffs' complaint and then they pleaded an affirmative defense. The substance of that defense is that the city of Los Angeles on March 24, 1925, caused to be issued a certificate of sale against the property involved. That certificate purported to have been issued pursuant to certain public improvements made under the Street Improvement Act, chapter 397, of the Statutes of 1911. The defendants allege that they made a tender of the amount due on December 30, 1926, that it was refused and that they have been and are now willing and ready to pay all sums due. The trial court made findings in favor of the defendants and among other things it recited certain facts showing that at the time the plaintiffs applied for a deed the only notice served on the owner was a certain notice served by posting on the property and that thereafter the plaintiffs made an affidavit that the property was unoccupied. Continuing, the court found that at the time the notice was posted there was standing on the property a billboard fifty feet long and ten feet high and attached to it was a small sign "Foster and Kleiser"; that the small sign was conspicuously displayed and that Foster & Kleiser had erected the billboard and maintained it under a lease from the owner of the real property. As conclusions of law the trial court found that the plaintiffs' deed to the property was invalid and that the defendants were entitled to have it canceled. It further held that the defendants were entitled to redeem upon paying the principal sum and interest represented in the certificate of sale.

The plaintiffs contended the property was unoccupied, that the tax proceeding was regular on its face in all particulars, and that they are entitled to recover on the strength of the tax deed issued to them. The defendants claim the property was in truth occupied and that they were entitled to receive but did not receive personally any notice of the

tax proceeding and that they are entitled to show the facts which actually existed and that the plaintiffs' deed was invalid. ██ In the absence of a statutory provision to the contrary neither a tax deed nor its recitals are evidence against the owner of the regularity of the tax proceeding. (*Jackson* v. *Shepard*, 7 Cow. (N. Y.) 88 [17 Am. Dec. 505]; *Norris* v. *Russell*, 5 Cal. 250; *Bucknall* v. *Story*, 36 Cal. 67; *Pierce* v. *Low*, 51 Cal. 580.) That rule has been modified by the Street Improvement Act (Stats. 1911, chap. 397, secs. 72–76). The deed is, by virtue of the provisions of the statute made "primary evidence of all proceedings theretofore had" and *"prima facie* evidence of the regularity of all proceedings subsequent to the issue of the bond." In the instant case the bond was issued, it was not paid, a sale was had, the plaintiffs became the purchasers, and, later, they gave notice by posting the notice that they intended to apply for a deed. ██ After all the evidence was in the trial court made a finding that the property was occupied. We think it may not be said that said finding is not sustained by the evidence. The words "occupied" and "unoccupied" have many meanings. As contained in the statute, they will be construed in connection with the context. Our statute contains no words showing that it refers to only such property as is wholly occupied. Manifestly it was intended that there must be present some evidence of occupancy. How much? Each case must stand on its own facts. In the instant case when the plaintiff John A. Richards went to the property to post the notice he saw the large signboard and the small signboard showing the names of Foster and Kleiser, the owners of the signboard. They were the occupants of at least a part of the premises. ██ Under the terms of the statute it then became the duty of the plaintiff to serve notice on Foster & Kleiser (sec. 75). He did not do so. If he had done so, doubtless he would have been told the name and address of the owner and it would then have become the plaintiff's duty to have served the owner also (sec. 75). Because the plaintiff did not serve the occupant and because the owner received no notice at all the service was incomplete and the owner's title was not divested. In making findings against the plaintiffs the trial court did not hold that the plaintiffs had no rights. It merely held that the plain-

tiffs' deed was invalid. ▮ By the terms of section 72 of the statute the payments theretofore made by the plaintiffs together with interest thereon constituted a lien. That lien still exists and will continue to exist until a redemption is had or a valid deed is made. In no respect did the trial court hold to the contrary. We find no error in the record.

The judgment is affirmed.

Nourse, Acting P. J., and Dooling, J., *pro tem.*, concurred.