[Civ. No. 4176. Second Appellate District, Division One.—July 24, 1923.]

In the Matter of the Registration of Title to Lands of JAMES WILSON COX et al.

[1] LAND TITLE LAW—REGISTRATION OF TAX TITLE—PROOF OF POSSESSION — PAYMENT OF TAXES—EXCEPTIONS. — Under the exception contained in section 8 of the land title law, one who claims title to land derived through sale by the state, after such land had been sold to the state for nonpayment of taxes and held by it for the period provided by law, is not required to prove that he "or those through whom he claims title have been in the actual, exclusive, and adverse possession of the land under such title at

least five successive years, and have paid all taxes and assessments legally levied thereon during said period," in order to have such title registered.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for the registration of land under the land title law. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Jas. W. Bell and Ronald H. Loenholm for Appellants.

HOUSER, J.—On February 28, 1921, James Wilson Cox and others, including Elias Munz and Gertrude Leah Munz, his wife, filed a petition with the clerk of the superior court of Los Angeles County for registration of the title to their lands under the provisions of the so-called land title law of November 3, 1914 (Stats. 1915, p. 1932). After a reference and hearing thereon the court made certain findings, including the following: That Elias Munz and Gertrude Leah Munz claim to own the property involved as their community property; that said land is not subject to homestead, nor to any other encumbrances, but is improved and was assessed for the purposes of county taxation at the sum of $60; that no other person, firm, or corporation has any claim in or to any part of said land; that by virtue of a sale to the state of California in 1897 for the delinquent taxes due to the county of Los Angeles for the year 1896 the said state held a lien on said land; that there was no redemption, and in 1910 the said state of California made a tax deed of said land to O. F. Goodrich; that if the said tax deed carried title in fee, it then passed by mesne successive conveyance to Elias Munz by deed bearing date May 1, 1920; that the record owner at the time of said sale for delinquent taxes and at the time when the above-mentioned tax deed on behalf of the state was made was Mrs. F. E. Robgent, who was also known as Fanny Robgent, who was named as a defendant in this proceeding and who was served by mail according to law, but who did not appear in this proceeding.

[1] The conclusions of law filed by the court contain the statement that "for the reason that the law above quoted [sec. 8 of the land title law] requires as a prerequisite in

such a case 'actual, exclusive and adverse possession,' in the conjunctive, I am precluded from registering said land."

As shown by the record, the petitioners owned a fee-simple estate in the land, and the only question raised regarding its eligibility to registration lay in the failure of the owners, or those through whom they claimed, to have been in the "actual, exclusive and adverse possession" thereof for at least five years.

Section 8 of the land title law reads as follows: "No title derived through sale for any tax or assessment shall be entitled to be first registered unless it shall appear to the satisfaction of the court upon the hearing of the application that the applicant or those through whom he claims title have been in the actual, exclusive and adverse possession of the land under such title at least five successive years, and have paid all taxes and assessments legally levied thereon during said period. *But the foregoing shall not apply to any title derived through sale by the state of California of any property which has been sold by the state for taxes and held by the state for the period provided by law.*"

It will be noted that the last sentence of the amended provision provides for just such a case as is before the court. The title in petitioners Munz was derived through sale by the state of California; the property was sold by the state for taxes; and it was held by the state for "the period provided by law."

No brief has been filed herein other than that in behalf of appellant, and this court is unaware of any statutory or other authority which would indicate a reason for a refusal to register the property in question. All the objections mentioned in section 8 of the land title law against registering a title through a sale of property for taxes are entirely removed and overcome by the facts of this case as applied to the exception to such provision as therein set forth.

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1923.