[Civ. No. 5970. First Appellate District, Division Two.—November 10, 1927.]

M. GROENEVELD, Respondent, v. J. G. DELOZIER et al., Appellants.

J. E. Hannon for Appellants.

Claude A. Shutt for Respondent.

KING, P. J., *pro tem.*—Appeal from judgment for plaintiff for $1,000.

The verified complaint alleges:

I. A written contract dated July 30, 1923, by which defendants agreed to sell plaintiff certain cattle and dairy equipment for $5,000, payable $100 down, $900, July 31, 1923, $1,000 on or before ninety days, $75 August 16, 1923, and other later payments, with interest on deferred payments payable monthly.

The contract recites that "As there is a mortgage now against the cows these payments are to be applied on it" until the defendants "take same up."

It is contracted that the stock and increase are to remain on the ranch "where now located" until paid for. Plaintiff was "granted the use of the corrals and barns," etc.

Appellants agreed to erect a three-room cottage for the milkers and make other specified improvements.

It was also provided that if plaintiff "fails to meet his payments as they become due then he forfeits all money paid and his interest in said cattle reverts," etc., "at their option."

The agreement provides that appellant was to care for said stock "in a dairymanlike manner" and to keep feed and expense bills paid.

II. That plaintiff entered into possession of the property July 31, 1923, and on August 9, 1923, defendants dispossessed him.

III. That defendants did not apply the payments to the mortgage nor build the cottage.

IV. That plaintiff has performed all obligations, etc., "except those he was prevented from performing by defendants."

V. That plaintiff has paid $1,000; that $1,500 is the reasonable increase in value of said cattle—and plaintiff is damaged $2,500.

A second cause of action along similar lines alleges that "defendants unlawfully took, converted and disposed of said cattle and chattels to their own use to the damage of plaintiff in the sum of $2,500.

He prays for $2,500.

A general and special demurrer was overruled.

The answer denies "that defendants, or either of them, dispossessed plaintiff of any cattle or chattels contrary to the terms of their agreement or otherwise."

It alleges that defendants were at all times ready, able, and willing to apply all payments to erect a cottage, but "plaintiff violated his said contract and terminated the same without having requested or desired the making of any said payment or the erection of any said house."

As to the second cause of action, defendants "deny that on the 9th day of August, 1923, or at any other time when any act was done by either of the defendants with relation to any of said cattle or chattels, the plaintiff was lawfully possessed or possessed of any of said cattle or chattels, his

property, or that any of said cattle and chattels was at said time or ever the property of plaintiff.''

And ''Deny that the defendants or either of them, ever unlawfully took or converted or disposed of any of said cattle or chattels to their own use or otherwise as alleged in said amended complaint or otherwise.''

The court found:

1. That the contract was made as alleged.

2. That plaintiff paid the $100 and the $900 due July 31, 1923.

3. That plaintiff entered into possession July 31, 1923, and on August 9, 1923, defendants dispossessed him.

4. That plaintiff performed all conditions and obligations, etc., as set forth in the contract up to and including August 9, 1923.

5. ''By reason of the failure of defendants to perform its conditions and obligations agreed by them to be performed, plaintiff has been damaged in the sum of'' $1,000 and interest from July 31, 1923.

A motion for new trial was denied.

Plaintiff testified that defendant Colvin took him to the premises and introduced him to Hardy, a milker then in the employ of defendants, and whom plaintiff then hired and placed in charge. Plaintiff then left. He came back August 7th, Hardy being still in charge.

He returned August 16th with one Vanderveen, described as ''really the prospective buyer'' to ''turn the keys over to him.''

He found S. B. Jones in possession. Jones had moved in with his wife, son, and daughter.

He saw defendants August 18th and they admitted they had sold to Jones. He demanded the cattle or his money, but never got either. He testified that he was ready August 16th when he went to the place to pay the money then due.

Under cross-examination of plaintiff a written rescission dated September 5, 1923, and served September 12th, was introduced demanding his money, $1,000 and damages of $1,500, ''because of the breach by you of said contract in transferring same to one S. B. Jones.''

September 21, 1923, a return notice was served on plaintiff tendering all property described in the complaint and stating, ''This offer will terminate September 24th.'' This

was served two days after the original complaint was filed. Defendant Colvin testified that plaintiff did not care for the stock in "a dairymanlike manner." He also testified that they offered to turn the cattle back to plaintiff if he would pay up what was due and for the feed. This was on August 18th.

This last statement is corroborated by the other defendant. Defendants first argued:

1. That the complaint states no cause of action.
2. That evidence is insufficient to sustain the findings.
3. Decision is against law.
4. Errors of law committed at trial.
5. It affirmatively appears that plaintiff failed to perform the contract.

Taking up these objections in their order:

1. The amended complaint certainly states a cause of action in each count.

2. The plaintiff produced evidence of the execution of the written contract sued on; that under the contract he took possession of the personal property mentioned therein "on the ranch where now located," he "being granted the use of the corrals and barns" as provided in the contract; that he made the payment of $100 on execution of the contract and of $900 due July 31, 1923; and that during his absence, and before another payment became due, on August 9, 1923, defendants contracted to sell the property to one Jones, whom plaintiff found in possession when he came back on August 16th when his third payment was due.

The court evidently accepted this testimony as true and found that plaintiff was damaged in the sum of $1,000 which he had paid. The court might very readily, under the evidence, have given judgment for the additional $1,500 which Jones contracted to pay for the same property nine days after plaintiff made his contract.

The findings are fully sustained.

3. We are unable to follow appellants' argument on this point.

4. The errors of law complained of are (a) the overruling of defendants' demurrer, and (b) the denial of the motion for a nonsuit, which are covered above. Appellants then discuss the action of the court in sus-

taining objections to their offer of testimony "to show the connection with this transaction—of the woman who was present when the transaction was had, and of the refusal of the court to receive in evidence the fact that she had notified the defendants that the cattle were abandond and had asked them to take charge of the same." As to this offered testimony, the learned trial judge pertinently stated in sustaining the objections: "You have not gone far enough to show that he (plaintiff) should take orders from her in the future. She was incapable of giving consent. The fact that she was present and even furnished some of the money is no proof whatever to my mind that she was co-interested, other than being interested in the plaintiff."

The rulings sustaining the objection to this testimony were correct.

█ 5. In support of this objection appellants urge that the "uncontradicted testimony of defendant Colvin, pages 17 et seq. of this brief, is to the effect that the dairy herd was at no time cared for in a dairymanlike manner."

Counsel has overlooked the testimony of plaintiff that he employed the same dairyman who had been in the employ of appellants and that there was sufficient feed on hand to feed the stock.

█ As to the argument that "It was not even contended that the plaintiff ever tendered to defendants the payment that became due on the 16th day of August, 1923," a complete answer is that a week before this payment became due appellants had breached the contract—while no payment was due.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.