Barney Judge filed a petition to register certain lands under the Land Title Act. (2 Deering's General Laws 1923, p. 3611.) The defendant Grace P. Warden appeared and answered. A trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the petitioner. From a judgment entered thereon the defendant Grace P. Warden has appealed under section 953a of the Code of Civil Procedure.
The plaintiff Barney Judge holds a purported tax title. If the tax deed under which he claims is valid, the judgment should be affirmed, otherwise it should be reversed.
[1] The defendant contends that the property was sold for an excessive tax. In making this point she called to our attention that for the purpose of aiding the holding of the Panama-Pacific International Exposition certain amendments to the constitution were made and certain statutes were enacted authorizing the raising of the sum of $1,250,000 for the fiscal year 1913 by the levy of a direct tax; that prior to making the levy the state board of equalization forwarded its order to the board of supervisors fixing the rate of two mills on each $100 of taxable property of Los Angeles County; that said fraction was adopted by the board of supervisors in computing the rate for state and county taxes for the year 1913, and that thereafter the tax was levied and collected as so computed; that the amount that should have been collected pursuant to the constitution and the statutes was $1,250,000; that the amount that was actually collected was $1,270,000, and that there was therefore collected $20,000 in excess of the amount required. Dividing $20,000 by the amount of the combined assessment-rolls of the state, the defendant ascertains her multiple and by multiplying the asessed valuation of the lands in suit by that multiple she obtains what she claims to be an excessive tax. Thereupon she cites and relies on BostonTunnel Co. v. McKenzie, 67 Cal. 485 [8 P. 22]; Knox v.Higby, 76 Cal. 264 [18 P. 381]; Bucknall v. Story,36 Cal. 67. The cases are not in point. Each one involved an instance where one of the public officers made an error in computing a tax or in setting down on the tax records the amount of the computation. The record before us shows no error. The tax was levied in all respects as required *Page 729 
by law so far as this record shows. However, it transpired that the allowance made for delinquency was too liberal and more money was actually collected than the public officers were attempting to collect. No authority has been called to our attention which supports the contention of the defendant. If the point is good it probably applies to a majority of the funds for which each annual levy is made. This is so because it can be seen at once that the computation of the body making the levy of an ad valorem tax must at all times be an approximation. It may result in collecting a few dollars too much or a few dollars too little. But the error, if any, is not actionable.
[2] The defendant also contends there was "no designation of the amount in the notice included in the sale price in the delinquent notice of sale for penalties, costs and interest." The defendant does not contend that the minimum amount set opposite the description is not the correct total of all taxes, penalties, and costs; but her point is based on the contents of the explanatory note which the tax collector appended to the delinquent notice before publishing it in 1914. That explanatory note is no part of the delinquent notice as required by section 3764 of the Political Code. The explanatory note was inserted exindustria by the tax collector for the purpose of showing that certain figures were used to designate money — dollars or cents, as the fact might be. In the case of Bussenius v. Warden,71 Cal.App. 717 [236 P. 371], the facts before the court showed that the notice of delinquent tax sale did not conform to Political Code, section 3764, but was in violation thereof in this, that it recited that the sale would be made for taxes and costs and did not state that it would be made for "penalties." That error is not presented by the record in the case before us.
[3] The same explanatory note so appended to the delinquent list contained a recital "in the foregoing delinquent tax list for 1912 of the County of Los Angeles." The defendant calls attention to the misrecital of 1912 instead of the true date1913, and thereupon she claims that the notice was void. The plaintiff replies that the misrecital was but a typographical error and that the typographical error appeared on the face of the notice itself. The reply is a sufficient answer. Excerpts from the delinquent *Page 730 
notice for 1913 are set forth in the transcript. The correct date is used in several different places on the face of the notice as published. The misrecital contained in the explanatory note which was also on the face of the notice as published could not have misled anyone. The notice was to be read as a whole. (Stuart v.Chapman, 87 Cal.App. 552 [262 P. 348].)
[4] The defendant contends that the plaintiff did not have title by adverse possession and that therefore he was not entitled to registration under section 8 of the Land Title Act. However, there is evidence in the record showing that the plaintiff's predecessors in interest did have title by adverse possession. Furthermore, the plaintiff also argues that his tax deed conveyed to him a fee-simple title and that one who holds a fee-simple title has the right of registration without reference to adverse possession, and he cites and relies on In re Cox,63 Cal.App. 175 [218 P. 441]. That case fully supports him.
[5] In her closing brief the defendant quotes the caption to the "Addenda" notice and claims the notice was ineffective. (Numitor Gold Mining Co. v. Katzer, 83 Cal.App. 161
[256 P. 464].) The point is not well taken. The addenda notice in the instant case is set forth in the transcript. It is worded very differently from the notice which was under consideration in the Numitor case. Quite definitely it stated that in the tax collector's office in the county of Los Angeles, commencing on July 3, 1919, at 9 A.M., the tax collector would sell the property. Furthermore, it complied in every respect with every call of the statute (Pol. Code, sec. 3764), as the statute was worded at that time. (Stats. 1913, chap. 299, p. 556.)
We find no error in the record. The judgment is affirmed.
Nourse, J., and Koford, P.J., concurred.
A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 12, 1928.
All the Justices present concurred. *Page 731