[Civ. No. 4285. Third Appellate District.—May 19, 1931.]

E. C. REDMAN et al., Appellants, v. P. H. NEWELL, Respondent.

Frank H. Snyder for Appellants.

Van Lee Hood for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—Action to quiet title. Respondent Newell had judgment and the plaintiffs appeal.

This action involves the sufficiency of a notice of sale for delinquent taxes, it being admitted that if the notice is insufficient, judgment should go for the plaintiffs; otherwise, for the defendant Newell. The notice involved is in the following words and figures, to wit:

"Now, therefore, I, W. O. Welch, tax collector, in and for the said County of Los Angeles, by virtue of authority in me vested by law, hereby give public notice that unless the taxes delinquent as appears by said list, together with the cost and penalties, are paid, I, as said tax collector, at the office of the County Tax Collector, in the City of Los Angeles, on Wednesday, the twenty-seventh day of June, 1917, at the hour of 10 o'clock a. m., will sell all said real estate upon which taxes are a lien, to the State of California.

"Important notice: Property to be sold at public auction. Special attention is hereby directed to the notice of sale published in the addenda to this list, of property heretofore sold to the State, and which, in pursuance of law, will, on the 2nd day of July, 1917, at 9 o'clock a. m., be offered for sale to the highest bidder for cash. Signed and dated at the city of Los Angeles, this 5th day of June, 1917.

"W. O. WELCH,
"Tax Collector of Los Angeles County, California.

"To find names, refer to the alphabetical index at the end of this list, the number therein corresponds with the number in the delinquent list.

"Delinquent Tax List.

| No. | Name and Description | Amount. |
|---|---|---|
| 281045 | E. C. Redman, 5 acs. being W. ½ of S. W. ¼ of N. E. ¼ of N. E. ¼ of Sec. 30, T. 8 N., R. 10 W. | 2.20 |
| 281047 | E. C. Redman, 5 acs. being W. ½ of S. E. ¼ of S. E. ¼ of N. W. ¼ of Sec. 30, T. 8 N., R. 10 W. | 2.20 |

"Public notice is hereby given that the figures appearing opposite, following the last after each description of property in the foregoing delinquent tax list for 1916, and for the County of Los Angeles, were intended to, and do represent, respectively, in dollars or in cents, or in dollars and cents, as the case may be, the amount due for taxes and costs."

A precisely similar notice was held insufficient in the case of *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371]. In that case it appears from the opinion that the figures used in the notice were described as referring only to taxes and costs, and failed to include penalties. The same is true in the case at bar.

In *Snodgrass* v. *Errengy (Bell),* 86 Cal. App. 644 [261 Pac. 497], the same question was again before the court, and the holding in *Bussenius* v. *Warden, supra,* approved and followed. Respondent cites the case of *Bell* v. *Brigance,* 74 Cal. App. 322 [240 Pac. 50], as holding contrary to the cases just cited. An examination of the opinion, however, shows that the question of the sufficiency of the notice was not raised in the trial court, was not raised upon appeal in the first instance, and was only presented to the court upon a petition for rehearing. The court in that case really did not decide the question of the sufficiency of the notice, but held that it would not consider the same when presented for the first time upon a petition for rehearing.

Some confusion has been caused by the language used in the opinion found in the case of *In re Rogers,* 91 Cal. App. 726 [267 Pac. 729], but the question as to the sufficiency of the notice of sale, as appears in the transcript in this case, has been definitely decided by the Supreme Court in the case of *Knoke* v. *Knight,* 206 Cal. 225 [273 Pac. 786], where, after setting forth facts showing that the same questions were being considered as are presented to us

for determination, the court said (citing from *Snodgrass* **v.** *Errengy* (*Bell*), mentioned therein): " 'Respondent also claims the tax title is void because the published notice of the delinquent tax list failed to set forth the amount due for penalties as well as for taxes. The notice is the same notice which was held to be illegal in *Bussenius* v. *Warden,* *supra,* for failure to comply with Political Code section 3764 for the same reason assigned by respondent here. Under this authority the appellant's tax title is void.' It is claimed by appellant that the case of *Bussenius* v. *Warden* has been overruled by the decision *In re Rogers,* 91 Cal. App. 726 [267 Pac. 729]. We do not so understand that this last-named case has that effect. In that case the court differentiates the case of *Bussenius* v. *Warden* from the case then before it in the following language: 'In the case of *Bussenius* v. *Warden, supra,* the facts before the court showed that the notice of delinquent tax sale did not conform to Political Code section 3764, but was in violation thereof in this, that it recited that the sale would be made for taxes and costs and did not state that it would be made for "penalties". That error is not presented by the record in the case before us.' There is language to be found in the case of *Stuart* v. *Chapman* (*Smith*), 87 Cal. App. 552 [262 Pac. 348], which somewhat reflects upon the position taken by the court in *Bussenius* v. *Warden* as to the validity of the notice of delinquent sale, but in the case of *Stuart* v. *Chapman* (*Smith*), *supra,* there appeared to be considerable confusion in the record before the appellate court, and the decision of that court upon the validity of said notice of delinquent sale was based, in part, at least, upon the failure of the record to disclose the facts upon which the defendants in that case predicated their attack upon the said notice of delinquent sale. But notwithstanding any language used in the case of *Stuart* v. *Chapman* (*Smith*), *supra,* which might appear to indicate that the court rendering the decision in that case did not approve of the ruling in *Bussenius* v. *Warden,* *supra,* relative to the invalidity of the notice of delinquent sale, we are of the opinion that the holding upon this question of the sufficiency of the notice made by the court in the case of *Bussenius* v. *Warden, supra,* was correct, and we are disposed to follow it in this case. The tax deed, therefore, under which the plaintiff claims title to the real prop-

erty in controversy is void, and plaintiff's proof of title has wholly failed.''

The case of *Bussenius* v. *Warden, supra,* and *Snodgrass* v. *Errengy (Bell), supra,* were again approved in *Gottstein* v. *Kelly,* 206 Cal. 742, 748 [276 Pac. 347].

In view of these cases it must be held that in granting affirmative relief to the respondent Newell and quieting title in him to the premises involved, the court erred and the judgment must be reversed. ■ It does not follow, however, that the plaintiff is entitled to a decree quieting title in him, without paying to the respondent all taxes, costs, penalties and expenses incurred in his attempt to secure title from the state to the premises involved in this action.

Following the provisions of subdivision 5 of section 3898 of the Political Code, and the decision of this court in the case of *Sawyer* v. *Berkeley Securities Co.,* 99 Cal. App. 545 [279 Pac. 217], it is ordered that the judgment herein be reversed and the cause remanded to the trial court with directions to proceed and fix the amount that should be paid by the appellants to the respondent for and on account of taxes, costs, penalties, etc., just referred to, and then to enter judgment quieting the title of the plaintiffs as prayed for, contingent upon first depositing in court to the credit of the respondent the amount of the taxes, penalties and costs expended by the respondent, less the rents, issues and profits, if any, of the premises received since the eighth day of August, 1922.