[Civ. No. 846. Fourth Appellate District.—April 10, 1933.]

FRANK C. AYARS et al., Appellants, v. FRANK FAUST et al., Respondents.

McAdoo, Neblet & Clagett, Melvin E. MacKinnon and John G. Covert for Appellants.

Thomas C. Ridgeway and Herbert C. Kelley for Respondents.

MARKS, J.—This is an action to quiet title to real estate in the county of Kings, California. The complaint is in the usual form alleging title in appellants. The answer denies title in appellants and alleges title in respondents. Judgment was entered in favor of respondents and this appeal followed.

Appellants deraign their title through an assessment of the property made by the assessor of the county of Kings in the year 1911, and a sale to the state in 1912. The property was deeded to the state in 1917, and by the state to appellants' predecessor in interest in 1924. It is admitted that appellants have no title to the property unless they acquired it under the assessment and the proceedings following which culminated in the deed to their predecessor in interest. Respondents point out seventeen separate and distinct items, which they claim to be defects, each one of which renders the tax title void. While some of them seem to be meritorious it will be necessary for us to consider but two.

The published delinquent tax list contains the following: "Public notice is hereby given that the figures appearing opposite, following and last after each description of property in the real estate portion, also the figures appearing opposite, following and last after each name in the personal property portion of this 'Delinquent Tax List for the Fiscal Year 1911–1912' of and for the County of Kings, were intended to, and do represent respectively, in dollars or cents, or in dollars and cents, as the case may be, the amount due for taxes and costs, in manner as follows, to-wit: When or where two figures thus appear therein, cents were intended to be and are represented; when or where more than two figures thus appear therein, cents were intended to be and are represented by the last two figures or the two figures occupying or appearing at the right hand, and the figures occupying and appearing at the left hand of the said last two figures, and separated therefrom by a period, were intended to and do represent dollars, so that the amount due for taxes and costs, in the respective cases aforesaid, are thus expressed in dollars and cents."

It should be observed that no reference is there made to penalties. A similar notice containing a like omission of

reference to penalties has been held fatally defective in numerous cases (*Bussenius* v. *Warden*, 71 Cal. App. 717 [236 Pac. 371]; *Redman* v. *Newell*, 114 Cal. App. 215 [299 Pac. 746]), which renders the subsequent proceedings void. The same notice, in another sentence, combined taxes, penalties and costs in one item of $2.19. In no place in this notice is the amount of the tax, the penalty, and the cost segregated and separately stated. The same cases have held this to be a fatal defect in the proceeding.

The notice of the sale of the property given pursuant to the provisions of section 3897 of the Political Code, by the tax collector of the county of Kings, combined in one item the penalties on delinquency and the cost. This notice set forth these items from the year 1911 to the year 1917, inclusive. It has been held that the amount of a penalty and the amount of the cost must be separately stated and not co-mingled in one item, and that if they are so co-mingled a fatal defect occurs in the proceeding. (*Cordano* v. *Kelsey*, 28 Cal. App. 9 [151 Pac. 391, 398]; *Gottstein* v. *Kelly*, 206 Cal. 742 [276 Pac. 347]; *Redman* v. *Newell*, *supra*; *Langstaff* v. *Mitchell*, 119 Cal. App. 407 [6 Pac. (2d) 546].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.