[Civ. No. 4321. Second Appellate District, Division One.—March 18, 1925.]

ROBERT G. BUSSENIUS et al., Respondents, v. GRACE P. WARDEN, Appellant.

[1] TAX DEEDS—QUIETING TITLE—FAILURE TO DENY DUE EXECUTION AND GENUINENESS—JUDGMENT ON PLEADINGS. — In this action to quiet title to certain real property, notwithstanding the answer of the defendant pleaded title to the property predicated upon a tax deed, a copy of which was annexed to the answer as an exhibit, and plaintiffs did not file with the clerk any affidavit denying the genuineness or due execution of the tax deed, the court did not err in denying defendant's motion for judgment on the pleadings as, assuming such tax deed vested title in the defendant at the time of its execution, plaintiffs might have become the owners of the property subsequent thereto—their complaint not having been filed until more than one year after the date of the deed.

[2] ID.—ADMISSION OF DUE EXECUTION AND GENUINENESS—EVIDENCE OF TITLE.—In such action, the fact that plaintiffs, by failing to deny, admitted the genuineness and due execution of the tax deed, did not cause plaintiffs to lose their right to question the legal effect of the instrument, or their right to introduce evidence re-establishing their title, notwithstanding the existence and adverse effect of said deed.

[3] ID.—INSUFFICIENT DEED. — A tax deed which merely recites that the property in question "was duly assessed," etc., instead of that the property "was duly assessed for taxation," as prescribed by sec-

---

3. See 24 Cal. Jur. 364.

tion 3785b of the Political Code, is not legally sufficient to transfer title.

[4] Id.—Insufficient Delinquent Tax List.—The requirement of section 3764 of the Political Code, as amended in 1913 (Stats. 1913, p. 556), that the delinquent list to be published by the tax collector must contain the names of the persons and a description of the property delinquent, and "the amount of taxes, penalties, and costs due," etc., is not complied with where the tax list sets forth the amount due as taxes and costs, but fails to set forth the amount due for penalties; and a subsequent tax deed predicated upon such defective notice is void.

(1) 34 C. J., p. 143, n. 56; 37 Cyc., p. 1515, n. 36 New. (2) 37 Cyc., p. 1515, n. 36 New. (3) 37 Cyc., p. 1434, n. 94, p. 1437, n. 24. (4) 37 Cyc., p. 1296, n. 6 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Appellant.

Donald Barker and Harry A. Keithly for Respondents.

CONREY, P. J.—Action to quiet title. The plaintiffs are the owners of the described real property unless their title has been divested by reason of a tax deed dated and executed on the second day of July, 1920, by the tax collector of the county of Los Angeles to Grace P. Warden, who is defendant and appellant herein.

[1] The defense to the action was founded on said deed, of which a copy is annexed to the answer, as exhibit "A" thereof. The plaintiffs did not, after receiving a copy of the answer, file with the clerk any affidavit denying the genuineness or due execution of the deed. Section 448 of the Code of Civil Procedure provides that when these conditions exist in the record of an action "the genuineness and due execution of such instrument are deemed admitted." At the trial of the action appellant moved for judgment on the pleadings, and argued that because of the admission of fact above stated, she was entitled to judgment in her favor. Appellant now contends that the court erred in denying said motion.

We think that the court did not err in denying the motion. Assuming that the deed vested title in the grantee at the time of its execution, it might be that the plaintiffs had become the owners of the property when, more than a year after the date of the deed, they filed their complaint in this action. [2] Moreover, when respondents, by failing to deny, admitted the genuineness and due execution of the deed, they did not thereby lose the right to question the legal effect of the instrument, or their right to introduce evidence re-establishing their title, notwithstanding the existence and adverse effect of said deed.

This property had been sold to the state for delinquent taxes of the year 1914, the tax sale taking place on the first day of July, 1915. Under the law existing at that time, and continued in force, with some changes of detail, in the year 1919, it was provided that where property theretofore sold to the state for delinquent taxes has remained unredeemed for a period of five years, the tax collector, by following certain prescribed proceedings in connection with his annual delinquent tax sale, shall sell such property at public auction to the highest bidder for cash. (Pol. Code, sec. 3771; Stats. 1919, p. 142.) Section 3785b of the Political Code (Stats. 1913, p. 558) provides that when property has been sold to a purchaser at delinquent tax sale, other than the state of California, in pursuance of section 3771 of this code, the tax collector must execute a deed to the purchaser, and that said deed "shall be in substance, and may be in form as follows: . . . That whereas the real property hereinafter described was duly assessed for taxation in the year '19— to —— (stating name as on assessment-roll) and was thereafter on the —— day of ——, 19—, duly sold to —— by ——, tax collector of said county of ——, for nonpayment of delinquent taxes which had been legally levied in said year 19—, and were a lien on said real property, the total amount for which the same was sold being —— . . . Now, therefore," etc. The last sentence of said section 3785b reads as follows: "The provisions of sections 3786 and 3787 of this code are hereby made applicable to the deed herein provided for."

Section 3786 of the Political Code provides that such deed, duly acknowledged or proved, is primary evidence of certain stated facts relating to assessment, equalization, levy, nonpayment of tax, sale, nonredemption, that the person who exc-

cuted the deed was the proper officer, and, where the real estate was sold to pay a poll tax or taxes on personal property, that the real estate belonged to the person liable to pay the tax. Section 3787 of the Political Code (Stats. 1917, p. 241) provides that such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed. It is the contention of appellant that nothing was shown by respondent to overcome the *prima facie* title which she claims was vested in her by said tax deed; and that she is entitled to judgment in her favor on the findings of the court.

[3] Respondents contend that the tax deed is void on its face because it fails to state a fact required by the statute to be stated in a deed of the kind in question. As we have shown, section 3785b of the Political Code requires that the deed "shall be in substance and may be in form as follows." The form then given recites, among other things, the fact that the property "was duly assessed for taxation." The deed under which appellant claims title, in its recital relating to this particular fact, omits the words "for taxation." The language of the deed, so far as pertinent to this objection thereto, is as follows: "That whereas, the real property hereinafter described was duly assessed in the year 1914 to Ella L. Moody and was thereafter on the 2nd day of July, 1920, duly sold to Grace P. Warden by W. O. Welch, Tax Collector of the County of Los Angeles, for nonpayment of delinquent taxes which had been legally levied in the year 1914, . . . "

We think that the deed was not legally sufficient to transfer title. "It has uniformly been held in this state that a tax deed which misrecites or omits to recite any one of the facts required by the statute to be recited has no effect at all as a conveyance, the theory being that it is competent for the legislature to prescribe the form of instrument which, as the result of a proceeding *in invitum* can alone divest the citizen of his title, and that where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise." (*Henderson* v. *De Turk*, 164 Cal. 296 [128 Pac. 747].) While it is true that under section 3785b the

"form" need not be absolutely that described in the statute, the prescribed facts must be stated in the deed. Property may be "assessed" for purposes other than taxation. Therefore a recital that the property has been "assessed" is not equivalent to a statement that it was assessed for taxation.

[4] The findings of fact, after declaring that the tax collector did execute and deliver to appellant a deed, the said exhibit "A," further state that on June 30, 1915, the tax collector made and filed with the county clerk of Los Angeles County an affidavit of publication of delinquent tax list of that county for the assessment of the year 1914, which affidavit, among other things, stated that he had caused to be published a copy of the delinquent tax list of the year 1914, and that attached to the affidavit were true copies of the stated documents, of which publications were made at certain stated dates; that the said delinquent tax list, together with the affidavits, etc., were published on those dates, and that true copies thereof are as follows: (Here follow copies of the delinquent tax list, affidavits, notices, and explanations as so published, in so far as the same affect or refer to the land described in the complaint.) The notice stated that the tax collector, on July 1, 1915, at the place and hour stated, "unless the taxes delinquent as appears by said list, together with the costs *and penalties,*" were paid, would sell all said real estate upon which taxes were a lien, to the state of California. The part of the delinquent tax list referring to the property described in the said tax collector's deed to appellant is as follows:

| "No. | Name and Description | Amount |
|---|---|---|
| | Volume One | |
| | In Los Angeles City | |
| 2149 | Ella L. Moody, G. W. Morgan's Sycamore Grove Tr., Lot 17, Blk. 6." | 5 71 |

The notice stated that the figures appearing opposite, following, and last after each description of property in the list "were intended to, and do, represent respectively in dollars or in cents, or in dollars and cents, as the case may be, the amount due for *taxes and costs* in the manner, as follows, to wit: When or where two figures appear therein, cents were intended to be, and are, represented; when and where more than two figures thus appear therein, cents were

intended to be and are, represented by the last two figures, and the figures occupying and appearing at the left of the said last two figures and separated therefrom by a space, were intended to, and do, represent dollars, so that the amount due for *taxes and costs* in the respective cases aforesaid are thus expressed in dollars and cents."

Section 3764 of the Political Code, as amended in 1913 (Stats. 1913, p. 556), provided, among other things, that the delinquent list to be published by the tax collector "must contain the names of the persons and a description of the property delinquent, and the amount of taxes, penalties, and costs due, opposite each name and description . . . " The foregoing statement from the findings shows that said delinquent tax list failed to set forth the amount due for penalties; although the notice of the sale stated (as required by section 3765) that "unless the taxes delinquent, together with the costs and penalties, are paid, the real property upon which such taxes are a lien will be sold." It thus appears that although the proposed sale was conditioned upon nonpayment of penalties, the delinquent list as published was defective in that it failed to state the amount of those penalties. Respondents contend, and apparently there is no answer thereto, that by reason of this defect the subsequent sale to the state was void, and that consequently the deed relied upon by appellant was likewise void.

For the foregoing reasons we are of the opinion that the title of the plaintiffs remains unaffected by any valid claim of the defendant in or to said real property.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.