[Civ. No. 5962.  First Appellate District, Division Two.—November 12, 1927.]

HELEN D. SNODGRASS, Respondent, v. WILLIAM J. ERRENGY, Appellant.

Emmet H. Wilson and G. C. De Garmo for Appellant.

Maurice C. Sparling for Respondent.

KOFORD, P. J.—Respondent, as plaintiff in the court below, obtained judgment against defendants, including appellant herein, quieting her title to an acreage of land in Los Angeles County. Appellant's answer denied respondent's title and asserted title to a strip of land along respondent's southern boundary. This strip is about 36 feet wide and contains about 1.10 acres. Appellant's claim of title is based upon a tax deed. Respondent claims title by adverse possession.

The original source of respondent's title, as well as of the title of whoever owned the property immediately to the south of her land, was a decree of partition of the Rancho Tajauta, by which respondent's land was allotted to Ascencion Valenzuela and the land to the south of her was allotted to Felipe Valenzuela. The deeds of respondent's predecessors up until the years 1882–1885 contain descriptions which fix the southern boundary as the northern boundary of the Felipe Valenzuela allotment. At that time George Reed and wife acquired the land. Reed and wife, by deeds in 1888, 1890, and 1891, conveyed to C. Snodgrass, the immediate predecessor of respondent, all the land described in the complaint, using descriptions which did not tie to the Felipe Valenzuela northern boundary, but included the strip of land now in dispute here. Respondent's testimony established that for thirty-four years she and C. Snodgrass were in possession, cultivating the same, and that the southern boundary of the land possessed by them was marked by a fence the posts of which, at the time of the trial, were still standing in their original position; that the land was fenced at the time they took possession; that she had paid all taxes assessed in her name for many years down to date of trial. Her tax receipts since 1911 were received in evidence and the description contained in the assessment-rolls of the land assessed to her is a subject of controversy between the parties. The description used called for 30.51 acres exclusive of roads. This was the correct amount of land in plaintiff's inclosure. A metes and bounds description followed, which, if laid out

on the ground, would include only 30 acres and would omit one-half of the disputed 1.10-acre strip. According to the testimony of a civil engineer and surveyor, Hopkins, the southern boundary line of respondent's property was so described by this metes and bounds description in the assessment-roll that it bisected the disputed strip from its northwest corner thereof to the southeast corner, leaving out a triangular shaped one-half of the disputed 1.10-acre strip.

From 1890 to 1897 the land to the south of respondent was assessed by a description which gave the northern boundary as the land of Snodgrass or of Reed and Snodgrass and variously referred to the acreage as 14, 14.91, and 15 acres. From 1897 to 1914, inclusive, this property was assessed as the 15.91 acre allotment of Felipe Valenzuela. In 1914 a portion of this land was assessed to Maria de Jesus Reyes de Valenzuela, successor to Felipe Valenzuela, by a metes and bounds description which did not include any of the land claimed by respondent. In 1915 and thereafter, the disputed strip besides being in this way at least partly assessed to respondent was also assessed to "Unknown owner." It was described as the north 1.10 acres of Felipe Valenzuela 15.91 acre allotment. The taxes being unpaid, this property was sold for taxes in 1923 to Chester A. Bell, the immediate grantor or appellant. This apparently escaped the actual notice of respondent, who continued as before to pay the taxes assessed in her name.

The result of this tax record is, *first,* that during the time this strip was assessed to "Unknown owner" and sold for taxes, respondent was paying taxes regularly on at least the one-half part of the same strip according to the metes and bounds description; *second,* the acreage description on her tax assessment description upon which she was paying taxes taken by itself would include all the disputed strip.

Respondent claims the appellant's tax title is void because at least one-half and perhaps all the tax upon the disputed strip was paid by her at the very time it was assessed to "Unknown owner." She cites authority holding that if part of the tax is illegal, the whole sale and tax deed is void. (*Buchnall* v. *Story,* 36 Cal. 67; *Willis* v. *Austin,* 53 Cal. 152.) ▮ Respondent also claims the tax title

is void because the published notice of the delinquent tax list failed to set forth the amount due for penalties as well as for taxes. The notice is the same notice which was held to be illegal in *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371], for failure to comply with Political Code, section 3764, for the same reason assigned by respondent here. Under this authority the appellant's tax title is void.

The appellant's judgment quieting title based upon the tax deed was obtained in an action in which respondent was not a party and is, therefore, of course, of no avail to him in this action.

The break in the chain of respondent's paper title is by no means fatal to her action. Although the record does not show how Reed obtained title to or the right to grant the disputed strip, nevertheless respondent and her predecessor obtained paper title and possession from Reed more than thirty-four years before this action was commenced and she has occupied and cultivated it as then fenced and as described in her title deeds ever since that time. Her possession was under color of title. (1 Cal. Jur., p. 571.)

Appellant's tax title being void, he has no claim upon the property. We need not consider his claim that respondent has not paid taxes for five years on every part of the disputed strip. Even if respondent had not so paid her taxes that would not warrant a judgment in favor of defendant, who has only a void tax deed and is, therefore, a stranger to the title and not in possession

Respondent's long possession under deeds from the previous possessor made at least a *prima facie* case of ownership. (*Scott* v. *Beck* (Cal.), [259 Pac. 933], and cases cited.)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.