[Civ. No. 3654. Third Appellate District.—December 22, 1928.]

MARION R. WYSER, Respondent, v. J. TRUITT et al., Defendants; WILLIAM LENDER, Appellant.

728

Catherine A. McKenna and J. Irving McKenna for Appellant.

Tanner, Odell & Taft for Respondent.

PLUMMER, J.—Action by the plaintiff to quiet title to lot 18, Factory Center Tract, in the county of Los Angeles. The plaintiff had judgment and the defendant William Lender appeals.

The plaintiff's title is based upon a conveyance from Alfred A. Burt, the record owner, the deed from Burt to the plaintiff being executed and delivered while the grantor Alfred A. Burt was in possession of the lot in question. The appellant's title is founded upon a deed from the tax collector of Los Angeles County.

The complaint sets out that the plaintiff, at the time of filing the complaint, and for a long time prior thereto had been and was the owner and in the possession of the premises referred to; that the defendants claim and assert an interest therein adverse to plaintiff, and that the claims of

the defendants, and each of them, were without right, etc. The complaint contains a prayer that the defendants be required to set forth their title if any; that the plaintiff have judgment as prayed for, etc. The court found that all the allegations of the complaint are true and correct in so far as the same relate to lot 18 in block 5, Factory Center Tract, as per map recorded in book 22, pages 18 and 19 of maps, in the office of the recorder of Los Angeles County, and also that all the allegations of the answer of the defendant William Lender are untrue, except that the defendant has paid taxes, including penalties and costs, on said lot 18, which with interest thereon then amounted to $45; and also that the said defendant William Lender had, in good faith, erected certain buildings partly on lot 18. The judgment required the plaintiff to pay to Lender the amount of taxes, together with interest on such amount at seven per cent per annum, paid by the defendant Lender, and also granted permission to the defendant Lender to remove any building that he had placed on lot 18, or partly on lot 18.

The cause is before us upon a bill of exceptions.

The respondent makes the preliminary objection that the court cannot consider the insufficiency of the evidence to support the findings in this cause, for the reason that the specifications set forth in the bill of exceptions do not attack any of the findings. This objection appears to be well taken. The specifications set forth first: That the court abused its discretion in denying the defendant a continuance of the trial of the case for a week or ten days; and second: That the evidence does not support the decision in this, that in this character of a case the plaintiff was obliged to prove title in herself from a paramount source, it having been shown that defendant Lender was in actual possession of the said lands described in the action; that plaintiff failed to establish title and failed to show the necessary evidence to prove title in plaintiff. It was therefore error for the court to allow plaintiff to attack defendant's title; and third: That the decision is against law in that the court erred in overruling the defendant's objections to the sufficiency of the plaintiff's evidence to establish title in plaintiff. Fourth: That there was no evidence to show any invalidity of the defendant's title.

730

In *Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292], the court said: "The question of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from the judgment where the bill of exceptions relied on contains no specifications of the insufficiency of the evidence." (Citing *Miller* v. *Miller,* 175 Cal. 799 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394] ; *Carter* v. *McCanty,* 181 Cal. 749 [186 Pac. 346].) "Consequently, we are unable to consider the point that the evidence in the case does not sustain the findings." The same ruling was held in the case of *Schultz* v. *City of Venice,* 200 Cal. 50 [251 Pac. 913].

Notwithstanding the insufficiency of the specifications in that they do not attack the findings of the court or set forth wherein the evidence is insufficient to sustain the findings, we have examined the transcript and find that the testimony shows that at the time of the execution of the deed from Alfred A. Burt, Alfred A. Burt was in possession of the premises referred to, claiming to be the owner thereof, and occupied the position of an owner and grantor in possession. This was a sufficient source from which to deraign title by the plaintiff. (*Rockey* v. *Vieux,* 179 Cal. 681 [158 Pac. 712].) It may be stated here that whatever title the appellant claimed is derived from the tax deed based upon an alleged assessment of lot 18 against Alfred A. Burt as the owner thereof. Thus, both claimants, if title is possessed by either, deraign the same from a common source.

After showing title in herself, the plaintiff introduced affidavits establishing the invalidity of the assessment constituting the basis upon which a deed was thereafter executed by and on the part of the state of California, through which source title was purported to be conveyed to the defendant William Lender. The assessment was in the following words: "No. 1590 Factory Center, as per Bk. 23, P. 1819 Maps, records of L. A. County, Lot 18, Blk. 5, assessed to Alfred A. Burt Lowest acceptable bid $1.14." The notice of sale was in the same language and concluded with the statement that it would be sold for the amount due including penalties and costs, without stating or indicating the amount due on account of penalties to be added to the delinquent taxes, and also failed to indicate in any way that penalties were included in the amount of the tax. In the case of

*Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371], such a description of the properties sold and the amount of money to be paid therefor, as set forth in the notice in this case, has been held insufficient to sustain a tax deed. After reciting the facts in that case, which are exactly the same, relating to the assessment and published notice of sale, as the circumstances with which we are dealing, the court there said: "It thus appears that although the proposed sale was conditional upon non-payment of penalties, the delinquent list as published was defective in that it failed to state the amount of those penalties. Respondents contend, and apparently there is no answer thereto, that by reason of this defect, the subsequent sale to the State was void, and that consequently the deed relied upon by appellant was likewise void." The state of California not having acquired a good title to the lot in question, by reason of the sale to it, could not, of course, convey anything additional to what it had acquired upon such sale. The record shows that after obtaining a deed from the state of California to lot 18, based upon the tax sale and conveyance in pursuance thereof, the defendant Lender began an action to quiet title and obtained judgment quieting title as against two certain defendants named, respectively, Title Insurance and Trust Company, a corporation, and Frank W. Dishbrow. No judgment was entered against the grantor of the plaintiff in this action. The record shows that some time prior to the beginning of the last action to quiet title, Alfred A. Burt had executed a trust deed wherein the Title Guarantee & Trust Company, a corporation, was named as trustee, and the appellant's claim now is that by reason of the action just referred to, wherein the title of Lender was quieted as against the trustee named in the trust deed, the trustor or the person who executed the trust deed is also bound and foreclosed of any right to the lot in question by reason of the judgment quieting title as against the trustee named in the trust deed. This contention, however, is untenable. The case of *MacLeod* v. *Moran,* 153 Cal. 97 [94 Pac. 604], approved in the case of *Hollywood Lumber Co.* v. *Love,* 155 Cal. 270 [100 Pac. 698], completely answers the contention of the appellant, in that it is held in both cases that while a deed of trust does include a power authorizing a trustee to make a conveyance in the event that the money to secure the pay-

ment of which the trust deed is executed is not repaid, a trust deed does not divest the trustor of his ownership in the property. Or, as said in the MacLeod case, quoting from the syllabus: "The legal title in the trustee is conveyed solely for the purpose of security, and carries no other incident of ownership than the right to convey upon default, but leaves a legal estate in the trustor or his successors as against all persons other than the trustees and those lawfully claiming under them." There is no pretense that Lender claims or ever claimed under the trustee named in the trust deed executed by Alfred A. Burt. To support appellant's contention the case of *Sax* v. *Clark*, 180 Cal. 287 [180 Pac. 821], is cited. The Sax case differs from the case at bar in just the particulars we have mentioned. In the Sax case a party was claiming as a successor to or under the trustee. The trustee being in such a case a predecessor in interest, of course his successor in interest was bound, but claiming through or under a trustee is entirely different from claiming adversely to the owner of the premises by reason of a judgment quieting title only against the trustee.

The appellant also contends that the court erred in refusing a continuance of the trial of this cause on account of an injury suffered by his attorney. The bill of exceptions fails to show any request for a continuance, or any motion made for that purpose. The bill of exceptions contains only a certificate of a physician which is in the following words:

"June 1, 1926.

"This is to certify that Mr. J. J. McKenna, wife and daughter are confined to their home for an indefinite length of time, due to injuries received in an automobile accident.

"Signed: C. C. PHILLIPS, M. D.,"

"Attending Physician."

The bill of exceptions does not show that any request was made to the court for a continuance. The bill of exceptions does not show that the appellant sought to obtain other counsel, or whether he could or could not obtain counsel if a reasonable delay were granted. Upon motion for new trial, affidavits were presented to the trial court showing that the attorneys for the defendant named had met with an automobile accident and that certain counsel appeared for them out of courtesy. The affidavits, however, do not

disclose that anything additional could be presented, save and except the matters which we have considered.

The entire case being a matter of record, and the records being before the trial court, and it not appearing that any other or different conclusion could be reached than that which had been reached, the court very properly denied the motion for new trial.

There being no merit in appellant's contentions, the judgment is affirmed.

Shields, J., *pro tem.*, and Hart, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 21, 1929.