[L. A. No. 9563. Department One.—January 14, 1929.]

A. H. KNOKE, Appellant, v. ALICE R. KNIGHT et al., Defendants; ROSE MARIE PACKARD, Respondent.

Catherine A. McKenna and J. Irving McKenna for Appellant.

John C. Packard for Respondent.

CURTIS, J.—Action brought to quiet title to certain real property situated in the county of Los Angeles. The appellant relies upon a tax deed issued to him by the tax collector of said county on the thirty-first day of July, 1922. If this tax deed is invalid by reason of any of the irregularities mentioned by the respondent, then the judgment should be affirmed. Otherwise, it should be reversed, unless one of the other objections made to said judgment by appellant is well founded.

The delinquent tax list, together with the notice appended thereto, were identical in form with the delinquent tax list and notice involved in the case of *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371]. In that case it was held that the proceedings leading up to the execution of a

tax deed thereunder were defective in that the published notice of the delinquent list, while it stated the amount of delinquent taxes and costs, failed to state the amount of the penalties. The deed issued thereunder was held to be void. The case of *Bussenius* v. *Warden, supra,* was cited with approval in the case of *Snodgrass* v. *Errengy (Bell),* 86 Cal. App. 664 [261 Pac. 497], where the court said: "Respondent also claims the tax title is void because the published notice of the delinquent tax list failed to set forth the amount due for penalties as well as for taxes. The notice is the same notice which was held to be illegal in *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371], for failure to comply with Political Code section 3764 for the same reason assigned by respondent here. Under this authority the appellant's tax title is void." It is claimed by appellant that the case of *Bussenius* v. *Warden* has been overruled by the decision in *In re Rogers,* 91 Cal. App. 726 [267 Pac. 729]. We do not so understand that this last-named case has that effect. In that case the court differentiates the case of *Bussenius* v. *Warden* from the case then before it in the following language: "In the case of *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371], the facts before the court showed that the notice of delinquent tax sale did not conform to Political Code section 3764, but was in violation thereof in this, that it recited that the sale would be made for taxes and costs and did not state that it would be made for 'penalties.' That error is not presented by the record in the case before us." There is language to be found in the case of *Stuart* v. *Chapman (Smith),* 87 Cal. App. 552 [262 Pac. 348], which somewhat reflects upon the position taken by the court in *Bussenius* v. *Warden* as to the validity of the notice of delinquent sale, but in the case of *Stuart* v. *Chapman (Smith), supra,* there appeared to be considerable confusion in the record before the appellate court, and the decision of that court upon the validity of said notice of delinquent sale was based, in part, at least, upon the failure of the record to disclose the facts upon which the defendants in that case predicated their attack upon the said notice of delinquent sale. But notwithstanding any language used in the case of *Stuart* v. *Chapman (Smith), supra,* which might appear to indicate that the court rendering the decision in that case did not approve of the ruling in *Busse-*

*nius* v. *Warden, supra,* relative to the invalidity of the notice of delinquent sale, we are of the opinion that the holding upon this question of the sufficiency of the notice made by the court in the case of *Bussenius* v. *Warden, supra,* was correct, and we are disposed to follow it in this case. The tax deed, therefore, under which the plaintiff claims title to the real property in controversy is void, and plaintiff's proof of title has wholly failed. Our determination of this point in favor of respondent renders the consideration of other objections raised by respondent as to the validity of the tax deed under which appellant claims unnecessary.

There is no merit in appellant's contention that the judgment is erroneous in that it does not require that respondent repay or refund the amount paid by the appellant as taxes, penalties and costs. Subdivision 5 of section 3898 of the Political Code provides for such repayment or refund in certain cases where by decree of court the deed issued by the tax collector upon a sale for delinquent taxes is declared void.

Appellant relies upon *Holland* v. *Hotchkiss,* 162 Cal. 366 [L. R. A. 1915C, 492, 123 Pac. 258], *Squires* v. *Estey,* 33 Cal. App. 287 [165 Pac. 34], *Beck* v. *Wilson,* 49 Cal. App. 281 [193 Pac. 158], and *Joslin* v. *Shaffer,* 66 Cal. App. 69, 74 [225 Pac. 307]. In each of these cases the claimant of the property adverse to the holder of the tax title was either the plaintiff in the action, and sought to quiet his title to the property against the claims of the holder of the tax title, or he was the defendant and sought affirmative relief quieting his title against the plaintiff, the holder of the tax title. In the present action the holder of the tax deed is the plaintiff, and the judgment does not purport to quiet the respondent's title against the plaintiff's claim under the tax deed. The judgment simply decrees that plaintiff is not the owner of any interest in the real property described therein and that the respondent recover her costs. The present action is thus differentiated from the cases relied upon by the appellant and renders them inapplicable for our present purpose. This clearly appears from the following excerpt from the opinion in *Holland* v. *Hotchkiss, supra:* "Where the owner comes into equity asking equitable relief to remove or cancel a tax deed or sale as a cloud upon his title, or to obtain a judgment which, in effect, will invalidate

such sale or deed, the court should refuse any relief except upon the condition that he first repay to the tax purchaser, or his grantee or assignee, the taxes, penalties, interest and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward upon the faith of it." These cases appear to have been decided without any particular reference to subdivision 5 of section 3898 of the Political Code. The provision therein requiring repayment or reimbursement to be made to the purchaser at the tax sale, upon such sale being decreed void by the court, was added by amendment to said section in 1913. The levy and assessment involved in *Holland* v. *Hotchkiss, supra,* and *Squires* v. *Estey, supra,* was each made prior to the enactment of said amendment, and *Beck* v. *Wilson, supra,* and *Joslin* v. *Shaffer, supra,* were decided upon the general equitable principles enunciated in *Holland* v. *Hotchkiss, supra,* rather than in pursuance of the terms of said amendment. The only decision of the courts of this state, which we have discovered, bearing directly upon the point here involved is that of *Biaggi* v. *Mainero,* 60 Cal. App. 608 [213 Pac. 541]. In that action the plaintiff claimed under a tax title and brought the action to quiet his title. The court held his tax deed void; that he was not the owner of the real property described therein, and that defendants have judgment for costs. It will be noted that this judgment is precisely in effect like the judgment in the present action. Upon appeal it was insisted by the plaintiff therein that the judgment was erroneous in not providing that he be reimbursed for the amount of taxes, penalties, etc., paid out by him, or his predecessors in interest. In disposing of this claim the court did so adversely to plaintiff's claim, and with the following declaration:

"In its decision the trial court, among other things, found that plaintiff's claim of title was based upon 'an alleged sale of said property for alleged delinquent taxes for the fiscal years 1914–15, and upon alleged conveyances executed to plaintiff's predecessor in interest, R. G. Biaggi, pursuant to said alleged delinquency and pursuant to said alleged sale.' In this connection respondent calls our attention to subdivision 5 of section 3898 of the Political Code, which provides that in an action of this kind no decree of forfeiture shall be given 'until the former owner, or other party in interest,

shall have repaid to the purchaser the full amount of taxes, penalties and costs paid out and expended by him.' The finding was unnecessary to the judgment. Furthermore, we note that the court did not find that there was in fact a delinquency on the property in question, or that there was in fact a sale of the property for such delinquency. Neither did it find that plaintiff or his predecessors in interest ever paid any sum whatever for taxes, penalties or costs. In the absence of any evidence showing such payment it must be assumed that there was no evidence in that respect. Had the court made a decree quieting title in defendants, it may be that such decree should have been conditioned on payment of the moneys paid by plaintiff in pursuit of the tax title, but this question does not arise in this case for the reason that the title was not decreed in anyone. If plaintiff is not aggrieved by a judgment declaring someone else to be the owner when he has shown no title in the land in himself, this plaintiff cannot be heard to complain of this judgment.''

While the present appeal is not upon the judgment-roll, and accordingly the evidence before the trial court is a part of the record on appeal, we fail to find anything in the evidence that would have enabled the trial court to fix the amount of the taxes, penalties, etc., expended by the appellant, nor does the record contain any attempt or offer on appellant's part to prove this amount, nor any demand or request by appellant that the trial court determine the amount thus expended by appellant. The tax deed under which the appellant claims title to said real property called for 158.18 acres of land, while the amount of land described in the judgment was only eighty acres. Under these circumstances there was no duty resting upon the trial court to determine any amount to be repaid appellant, and the judgment is not erroneous for its failure to contain a direction to respondent to make repayment of such amount.

The further contention is made by appellant that as the respondent offered no proof of her ownership of the land described in her answer, it was error for the court to have rendered the judgment which it did in this action. This contention is based upon the claim of appellant that by the introduction of the tax deed the appellant made out a *prima facie* case in his favor. This claim, of course, has

no foundation upon which to rest. The court held the tax deed void. Plaintiff, therefore, failed to make a *prima facie* case that he was the owner of said real property. Having failed to establish any title in himself, the appellant's case utterly failed. It is hardly necessary to cite an authority in support of the well-established principle of law that in an action to quiet title the plaintiff must recover on the strength of his own title rather than any weakness of the defendant's. It has been repeatedly so held by this court. We will only cite among the many cases decided by this court in which this point was directly determined the following: *Rockey* v. *Vieux*, 179 Cal. 681 [178 Pac. 712], *Sears* v. *Willard*, 165 Cal. 12 [130 Pac. 869], and *Williams* v. *City of San Pedro etc. Co.*, 153 Cal. 44 [94 Pac. 234]. Upon this point appellant's case is summed up in the concluding words found in the opinion in *Rockey* v. *Vieux*, as follows: "Having shown no interest in the land, the plaintiffs are not aggrieved by a judgment declaring someone else to be the owner."

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.