[Civ. No. 4466.   Third Appellate District.—December 23, 1931.]

MAX G. REXON, Respondent, v. PHILIP M. GAFFEY, Appellant.

S. C. Schaefer for Appellant.

Raphael Dechter for Respondent.

PRESTON, P. J.—An action to quiet title to certain real property in the county of Los Angeles.

Plaintiff prevailed in the trial court and defendant has appealed. Plaintiff proved a perfect record title to the property in question. Defendant claims title by virtue of a tax deed. The court found that the proceedings leading up to the sale of the property for delinquent taxes were invalid and consequently the tax deed relied upon by appellant was void.

We are in full accord with all of the findings of the trial court.

The tax deed is based upon a sale for delinquent taxes of 1914. The requirements of section 3764 of the Political Code that the delinquent list published by the tax collector must contain the amount of taxes, penalties and costs due, opposite each name and description, etc., was not followed in the tax proceedings under which appellant claims title. This section as it read at the time of the sale to the state provided that the delinquent list should contain alongside of the name and the description the amount due for taxes, *penalties and costs and that the sale to the state should be made for taxes, penalties and costs.* The only intimation as to what the amount placed alongside of each assessment in said delinquent tax list signifies is contained in the notice preceding the list which reads to the effect that unless the taxes delinquent as appears by said list are paid the real property will be sold, etc. In other words, the notice preceding the list specifically states that the list contains the amount of taxes due, *but makes no mention as to whether the list contains the amount of taxes, penalties and costs.* And the fact that no mention is made in such list of such penalties and costs is further strengthened by the statement in said notice that unless "taxes delinquent as appears by said list, together with the costs and penalties are paid", etc.

This would seem to indicate from the reading of said notice, that said list contained the taxes only, and that the

owner of the property would, in addition to the amount of taxes shown in said list, be compelled to pay some other sum representing penalties and costs in order to redeem his property and prevent a sale to the state.

This deficiency in the delinquent notice has been held to render the tax proceedings void. This precise question has been decided in the following cases: *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371, 373] ; *Snodgrass* v. *Errengy,* 86 Cal. App. 664 [261 Pac. 497] ; *Wyser* v. *Truitt,* 95 Cal. App. 727 [273 Pac. 147] ; *Gottstein* v. *Kelly,* 206 Cal. 742 [276 Pac. 347] ; *Gramson* v. *Geniella,* 209 Cal. 610 [289 Pac. 817].

In *Bussenius* v. *Warden, supra,* the court said: ''Section 3764 of the Political Code . . . provided, among other things, that the delinquent list to be published by the tax collector 'must contain the names of the persons and a description of the property delinquent, and the amount of taxes, penalties, and. costs due, opposite each name and description . . . '. The foregoing statement from the findings shows that said delinquent tax list failed to set forth the amount due for penalties; although the notice of the sale stated (as required by section 3765) that 'unless the taxes delinquent, together with the costs and penalties, are paid, the real property upon which such taxes are a lien will be sold'. It thus appears that although the proposed sale was conditioned upon non-payment of penalties, the delinquent list as published was defective in that it failed to state the amount of those penalties. Respondents contend, and apparently there is no answer thereto, that by reason of this defect the subsequent sale to the state was void, and that consequently the deed relied upon by appellant was likewise void.''

The description of the real property as given in the assessment published in the delinquent list for the year 1914 on which the sale is based merely reads: ''Lot 41, Block 2, Montana Tract'', without any map reference of any kind.

This description was entirely insufficient to give notice to the property owner that his property was being sold for delinquent taxes. (*McLauchlan* v. *Bonynge,* 15 Cal. App. 239 [114 Pac. 798], and cases cited; *Warden* v. *Brandes,* 103 Cal. App. 744 [284 Pac. 1050].) In *McLauchlan* v. *Bonynge, supra,* the court said:

"The description of the property as contained in both the assessment-roll and deeds under which defendants claim title is as follows: 'In Los Angeles City, in Los Angeles County, in Clifton Tr., lots 6, 7 and 8,' the same, however, being separately assessed. It has been repeatedly held that such an assessment is insufficient to identify the property, and hence, standing alone, it is *prima facie* invalid. (*Baird* v. *Monroe*, 150 Cal. 560 [89 Pac. 352] ; *Fox* v. *Townsend*, 152 Cal. 51 [91 Pac. 1004, 1007]; *Houghton* v. *Kern Valley Bank*, 157 Cal. 289 [107 Pac. 113].) Notwithstanding the fact that such description is, when considered alone, insufficient, the party relying upon the assessment containing such incomplete description 'may supplement his case by showing that the description in the assessment is in fact sufficient to identify the property'."

No such evidence appears to have been offered by appellant in the case at bar. Other defects appear in the tax proceedings, but it is unnecessary to discuss them in detail, for, as above stated, we are fully convinced that the defects pointed out render the tax deed void.

■ Appellant seems to lay great stress upon the contention that it is incumbent upon the plaintiff and respondent herein to prove the existence of himself; in fact, a large portion of appellant's brief is devoted to a discussion of this question, but not one bit of evidence is pointed out from which it could be inferred that the plaintiff and respondent, Max G. Rexon, is not a real, live, breathing human being. On the contrary, his existence is fully established by the record; there appears the sworn verification of Mr. Rexon, the plaintiff, to the complaint before one Mabel Myer, a notary public, on August 31, 1927. There also appears the sworn verification of the plaintiff in his answer to the cross-complaint before Evalyn McCombs, a notary public, on September 22, 1927. He is also named as grantee in the deed to the property in question. The appellant called one or two witnesses and had them testify that they had never seen the plaintiff. Such statements are negative and amount to absolutely nothing. He might as well have called members of this court to testify to the fact that they had not seen Max G. Rexon and therefore could not say whether or not he is in fact in being.

Appellant seems further to contend that plaintiff's action is barred by the statute of limitations, but on examination of the pleadings we find that the statutes of limitations set forth in the brief are not pleaded in the answer or cross-complaint except section 343 of the Code of Civil Procedure, which has no application under the facts of this case. We find no merit whatever in the appeal.

The judgment should be affirmed, and it is so ordered.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 22, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1932.