[Civ. No. 8650.   First Appellate District, Division Two.—December 13, 1932.]

ELISE FLEISHMAN et al., Respondents, v. T. A. DAVIS, Appellant.

Winslow P. Hyatt for Appellant.

Raphael Dechter for Respondents.

SPENCE, J.—This is an action to quiet title. From a judgment in favor of plaintiffs, defendant appeals.

Plaintiffs deraigned their title from Albert Rutherford while defendant relied upon a tax deed dated August 22, 1928, issued to him by the tax collector of Los Angeles County. The tax deed recites that the property was duly assessed for taxation in 1922 to Albert Rutherford and was thereafter sold to defendant by the tax collector "for non-payment of delinquent taxes which had been legally levied in said year 1922". The trial court found that plaintiffs were the owners of the property and that defendant's tax deed was void and concluded that plaintiffs were entitled to judgment quieting title upon payment to defendant of the amount required by section 3898 of the Political Code.

Appellant contends that respondents failed to show title in themselves and therefore had no right to question the title of appellant. We find no merit in this contention. It appears from the evidence that respondents' title is based upon mesne conveyances from Albert Rutherford to whom the property was assessed in 1922. Both parties, therefore, claimed under a common source of title and it was sufficient for respondents to show conveyances from that source without further showing that Rutherford had title. (*Denning* v. *Green*, 88 Cal. App. 379 [263 Pac. 819].)

Appellant further contends that the tax deed was not void as found by the trial court. Several grounds are urged by respondents in support of the trial court's findings, but we need consider but one of them. Section 3764 of the Political Code, as amended in 1921, required the publication of the delinquent list "which must contain the names of persons and a description of the property delinquent, and the total amount of all taxes, assessments, penalties, and costs due, and which are a lien thereon". In the proceedings in the present case the delinquent list for 1922 was published and this list contained the name of Albert Rutherford and a purported description of the property, together with the amount of "2.97". The published notice of sale preceding the list stated "that unless the *taxes as appears by said list*, together with costs and penalties are paid", etc. Following the list it is also stated that the figures "were intended to and do represent—the amount due for *taxes and costs*—". In other words, according to the express terms of the published notice the figures contained in the delinquent list, which was a part thereof,

purported to be either the "taxes" or the "taxes and costs" and did not purport to be the "total amount of all taxes, assessments, penalties and costs" as required. Appellant claims that these figures did in fact include the penalties and that "no other assessments were levied that year". We need not examine into the merits of these claims for we believe that the notice of sale was defective in that said notice expressly stated that the figures contained in the delinquent list represented amounts other than the amounts required. We find no authority directly in point, but there are several cases decided under section 3764 as it read prior to the amendment of 1921 in which cases somewhat similar questions were presented. (*Knoke* v. *Knight*, 206 Cal. 225 [273 Pac. 786]; *Rexon* v. *Gaffey*, 119 Cal. App. 386 [6 Pac. (2d) 534]; *Wyser* v. *Truitt*, 95 Cal. App. 727 [273 Pac. 147]; *Snodgrass* v. *Errengy*, 86 Cal. App. 664 [261 Pac. 497]; *Bussenius* v. *Warden*, 71 Cal. App. 717 [236 Pac. 371].) In our opinion the trial court properly concluded that appellant's tax deed was void.

The judgment is affirmed.

Sturtevant, J., concurred.