[Civ. No. 13301.   Second Dist., Div. Two.   Oct. 31, 1941.]

HARRY LEE JONES, as Executor, etc., et al., Appellants, v. V. O. WALKER, as Administrator, etc., et al., Respondents.

J. L. Smith, Arthur J. Edwards and Frank D. McClure for Appellants.

Alfred E. Cate for Respondents.

SCOTT (R. H.), J. *pro tem.*—From an adverse judgment in a suit to quiet title to certain real property plaintiffs appeal.

The property originally belonged to Marcellus W. Brady, who died in 1902. It was sold to the State of California for nonpayment of taxes in 1918 and was bought in at public auction by Chester A. Bell in 1923. A suit to quiet title was brought by Bell in 1928, with summons served by publication against the deceased Brady. A decree quieting title was entered thereon in favor of Bell. The complaint in this case to quiet title to the same property was filed in Janu-

ary, 1939, being brought by the executors of the will of Bell against the administrator and heirs of Brady. The trial court found that neither Bell nor plaintiffs had any right or title in the property and entered its decree accordingly.

The principal point on appeal concerns the legal sufficiency of the notices preceding the tax sale to Bell. In June, 1918, the tax collector of Los Angeles County published the delinquent tax list of the year 1917 together with a notice stating that on June 27, 1918, he would sell to the State of California the real estate upon which the taxes were a lien "unless the taxes delinquent as appear by said list, together with costs and penalties are paid." At the end of the notice appeared the following: "Public notice is hereby given that the figures appearing opposite, following and last after each description of property in the foregoing Delinquent Tax List for 1917, and for the County of Los Angeles, were intended to and do represent respectively in Dollars or Cents, or in Dollars and Cents, as the case may be, *the amount due for taxes and costs* in the manner, as follows, towit: When or where two figures appear therein, Cents were intended to be and are represented, when or where more than two figures thus appear, therein, Cents were intended to be and are represented by the last two figures, and the figures occupying and appearing at the left of the said last two figures, and separated therefrom by a space, were intended to and do represent Dollars, so that *the amount due for taxes and costs in the respective cases* aforesaid are thus expressed in Dollars and Cents." (Italics added.) A similar notice preceded the sale in July, 1923, and it stated that property theretofore sold to the state, as shown by the list, was to be offered for sale to the highest bidder for cash.

Plaintiffs contend that the notices as given were sufficient to comply with the provisions of section 3764 of the Political Code, which in 1918 required that the delinquent list "must contain the names of the persons and a description of the property delinquent, and the amount of taxes, penalties, and costs due, opposite each name and description . . . " and in 1923 made the same requirement in substantially the same language. Defendants dispute the adequacy of the notice because the word *penalties* was not included after the word *taxes* in the italicized portion of the notices above quoted which were published in this case. The same question was

raised in the case of *Bussenius* v. *Warden*, 71 Cal. App. 717 [236 Pac. 371], and it was held that the omission of the word "penalties" was fatal to the validity of the notices and that sales pursuant thereto were void. This ruling was approved in *Snodgrass* v. *Errengy*, 86 Cal. App. 664 [261 Pac. 497], *Myran* v. *Smith*, 117 Cal. App. 355 [4 Pac. (2d) 219], *Redman* v. *Newell*, 114 Cal. App. 215 [299 Pac. 746], and *Knoke* v. *Knight*, 206 Cal. 225 [273 Pac. 786]. We must therefore approve the ruling of the trial court in this case that the notices were defective and the sales were void. (See also *Fleishman* v. *Davis*, 128 Cal. App. 174 [16 Pac. (2d) 776], *Ayars* v. *Faust*, 131 Cal. App. 154 [20 Pac. (2d) 963], and *Trozera* v. *McDonell*, 131 Cal. App. 473 [21 Pac. (2d) 706].)

The legislature of this state at its session in 1929 adopted a curative act (Stats. 1929, p. 742, chap. 422, sec. 2) amending section 3764 of the Political Code and intending thereby to retroactively make certain notices of tax sales legally sufficient and to make tax sales thereunder valid. "A retrospective statute may validate a tax void for failure to comply with any statutory requirement that the legislature might have originally dispensed with, but the power to validate a tax sale so as to make it effectual to transfer a title is much more limited. Where the proceedings are so fatally defective that no title passes, the legislature cannot by a curative act transfer the property of one person to another. (*Cromwell* v. *MacLean*, 123 N. Y. 474 [25 N. E. 932].)" (*People* v. *Inman*, 197 N. Y. 200 [90 N. E. 438, 441].) The legislature is not authorized to pass "healing statutes curing jurisdictional defects whereby vested rights may be taken away. . . . A partial compliance with the statute as to jurisdictional matters is wholly ineffectual for any purpose. . . . As said in Black, Tax Titles, sec. 484, 'Defects in tax proceedings, or the omission altogether of proceedings that might originally have been dispensed with, may be cured by the legislature; but if the defect or omission is jurisdictional (i. e., if it goes to the root of the authority to act; if it involves the omission of a step which the legislature could not have dispensed with) then it is beyond the reach of curative statutes'." (*McCord* v. *Sullivan*, 85 Minn. 344 [88 N. W. 989, 89 Am. St. Rep. 561]. See also 26 R. C. L., sec. 363; 61 C. J. 1681–1684; *Rafferty* v.

*Davis,* 54 Ore. 77 [102 Pac. 305], and *Conway* v. *Cable,* 37 Ill. 82 [87 Am. Dec. 240].) "Failure to give the owner of the property the requisite notice of the assessment or subsequent proceedings or of the sale, whether by advertisement or otherwise, is a jurisdictional defect and not one which can be cured." (37 Cyc. 1379, 1380.)

■ The giving of the notice as required and in the manner prescribed by the legislature was a jurisdictional prerequisite to the making of a valid sale herein. The notice published was unauthorized and therefore constituted no notice. The only notice to the owner which could constitute due process and under which he could be deprived of his property was that set out in the law at the time the sale was made, and it is evident that such notice was not given. (*Warden* v. *Broome,* 9 Cal. App. 172 [98 Pac. 252].)

■ To hold that the act of 1929 had the effect of validating the void tax sale in this case " . . . would be to deprive the taxpayer of his estate without due or any process of law, by a mere legislative rescript, pronouncing to be valid a sale which, under the law of the land, was absolutely void when it was made. The day after the sale, the title of the owner was as valid at law and in equity, and to all intents and purposes, as though no sale had occurred. . . . " (*Harper* v. *Rowe,* 53 Cal. 233, 237–8), and the force of the legislature's declaration is all that purports to make valid a sale which theretofore was void. The legislature could not thus in the year 1929 validate a void tax sale in 1918, and the deed pursuant to the sale in 1923 conveyed no title to the predecessor of plaintiffs herein.

A careful reading of *Clayton* v. *Schultz,* 4 Cal. (2d) 425 [50 Pac. (2d) 446], does not indicate an intention by the Supreme Court to announce a rule or establish a principle at variance with those herein expressed.

The judgment against Marcellus W. Brady in 1928 was a void judgment. Because of Brady's death in 1902 the court in that case had acquired no jurisdiction over the defendant. In the case now before us plaintiffs' complaint alleges and the answers of Brady's administrator and heirs admit the fact and date of his death. ■ Where the parties admit the facts which show that the judgment is void, then as a question of law upon such facts the case is like that in which the judgment is void upon its face. (*Akley* v. *Bassett,* 189

Cal. 625, 639 [209 Pac. 576]. See also *Garrison* v. *Blanchard*, 127 Cal. App. 616 [16 Pac. (2d) 273].)

■ Plaintiffs complain of the failure of the trial court to make a finding on defendants' affirmative defense claiming title, and further assert that as a condition precedent to a judgment adverse to plaintiffs, defendants should have been required to repay any sum paid out by Bell at the tax sale for the deed to the property. Since we have held the tax deed void, plaintiffs failed to make a *prima facie* case that they were owners of the said real property. In an action to quiet title plaintiffs must recover on the strength of their own title rather than any weakness of defendants'. (*Knoke* v. *Knight, supra.*) ■ Having no title, plaintiffs cannot complain that someone else, even though without title, asserts an interest in the land. (*Williams* v. *City of San Pedro*, 153 Cal. 44 [94 Pac. 234].) Having failed to establish any title in themselves, plaintiffs' case utterly failed.

■ Our attention has not been directed to any authority or evidence which would justify or require either a finding as to the amount paid out by plaintiffs' predecessor or a provision in the judgment that defendants should repay the same. ''The owner of property is required to reimburse a purchaser at a void tax sale only when such owner is afforded *affirmative* relief quieting his title as against the void tax deed or removing the cloud thereof.'' (*Warden* v. *Ratterree*, 215 Cal. 215, 217, 218 [9 Pac. (2d) 215, 86 A. L. R. 1204].)

■ Since plaintiffs have offered only a void judgment and a void tax deed as bases of their claim of title, neither the doctrine of laches nor the statute of limitations could supply the lack of affirmative proof so as to entitle plaintiffs to judgment. The failure of defendant heirs to pay taxes when due would not furnish plaintiffs with title to the property, and the record does not disclose when, if at all, prior to this suit defendants learned of any claim thereto by plaintiffs or their predecessor.

Judgment affirmed.

Wood, Acting P. J., and McComb, J., concurred.

A petition for a rehearing was denied November 25, 1941, and appellants' petition for a hearing by the Supreme Court was denied December 29, 1941.