[L. A. No. 17798. In Bank. Sept. 29, 1942.]

W. F. BRAY et al., Respondents, v. IDA T. JONES, Appellant.

Raphael Dechter·and Lyman P. Robertson for Appellant.

M. J. Rankin, Milo V. Olson, R. Leslie Sparks, John O. Palstine and Herbert C. Kelly, as Amici Curiae, on behalf of Appellant.

West & Vizzard and Edw. West for Respondents.

Earl Warren, Attorney General, and H. H. Linney, Assistant Attorney General, as Amici Curiae, on behalf of Respondents.

TRAYNOR, J.—Plaintiffs, as holders of a tax deed, brought this action to quiet title to real property against the defendant, the former owner. The property was sold to the state on June 30, 1930, for non-payment of taxes for the year 1929. Five years elapsed without redemption and, on July 15, 1935, the county tax collector executed his deed to the state. Thereafter the property was sold at public auction, and the deed of the county tax collector, dated October 19, 1937, was executed to the plaintiffs. Defendant appeals from the judgment quieting title to the property. She contends that the several proceedings leading to the sale to the state in 1930, the deed to the state in 1935, and the deed to the plaintiff in 1937, were void.

The asserted invalidity of the proceedings leading to the sale to the state on June 30, 1930, is attributed to an alleged failure of the notice of sale to comply with section

3764 of the Political Code, which at that time provided that the delinquent notice should contain: "the names of persons and a description of the property delinquent, and an amount equal to the total amount of all taxes, assessments, penalties, and costs due, and which are a lien thereon."

The preliminary paragraph of the notice of sale, published in the Bakersfield Californian in June of 1930, read as follows:

"DEFAULT HAVING BEEN MADE in the payment of taxes levied in the year 1929 for the County of Kern, for the year ending June 30, 1930, upon the real and personal property described in the DELINQUENT LIST hereto appended:

"Now, THEREFORE, I, C. E. DAY, Tax Collector in and for the said County of Kern, by virtue of authority in me vested, hereby give public notice that unless the taxes delinquent as appear in said list, together with penalties and costs, are paid on or before the sale date given below, the real estate upon which taxes are a lien, will BY OPERATION OF LAW be sold TO THE STATE OF CALIFORNIA, on Monday the 30th of June, 1930, at 12 o'clock M. (except any lot, place or parcel on said list which has heretofore been sold to the State)."

The delinquent list sets forth under the heading "Paleto": "Jones, John T., rec. No. 13895, W ½ of SW ¼ of SE ¼, Sec. 2, Twp. 11, R. 23, $4.73." At page 12, the list states: "All figures in the foregoing list relating to taxes, percentages and costs, represent dollars, except the two right hand figures in each item which represent cents."

The list contains the name of the person whose property is assessed and a description of the property, as required by Political Code, section 3764. The description is followed by the figure $4.73. Since presumably public officials follow the law and perform their duties properly, it must be assumed in the absence of evidence to the contrary that the figure $4.73 represented the total amount of taxes, assessments, penalties and costs delinquent. (Pol. Code, §§ 3897 (7) and 3786; Code Civ. Proc., § 1963 (15).) The defendant made no attempt to prove that the amount set opposite the description does not correctly represent that total, but relies on an alleged defect in the preliminary statement that "Unless the taxes delinquent as appear in said list, together with penalties and costs, are paid . . ." the property will be sold to the state. Defendant contends that this statement made the notice void because it did not specifically state that penalties and costs were included in the list but stated in effect that taxes only

were included and that the owner of the property would be compelled to pay, in addition to the amount of the taxes shown on the list, a sum representing penalties and costs in order to redeem the property and prevent the sale. The list must of course include the total of the taxes, costs, and penalties, but there is no requirement that the notice state that it does so. The statement, added by the tax collector pursuant to the mandate of Political Code, section 3765, is phrased in substantially the language of that section: "The tax collector must append and publish with the delinquent list a notice that unless the taxes delinquent, together with the costs and penalties, are paid, the real property upon which such taxes are a lien will be sold." When, as in this case, the notice sets forth the name of the person whose property is assessed, a description of the property, and "an amount equal to the total amount of all taxes, assessments, penalties, and costs due," and provides that the property will be sold unless the taxes delinquent, together with interest and penalties are paid, the notice conforms to the requirements of Political Code, sections 3764 and 3765.

Defendant relies on several cases holding notices invalid because of non-compliance with section 3764. (*Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371]; *Knoke* v. *Knight,* 206 Cal. 225 [273 Pac. 786]; *Fleishman* v. *Davis,* 128 Cal. App. 174 [16 P. (2d) 776]; *Redman* v. *Newell,* 114 Cal. App. 215 [299 Pac. 746]; *Rexon* v. *Gaffey,* 119 Cal. App. 389 [6 P. (2d) 534]; *Snodgrass* v. *Errengy,* 86 Cal. App. 664 [261 Pac. 497]; *Jones* v. *Walker,* 47 Cal. App. (2d) 566 [118 P. (2d) 299].) None of these cases is controlling here. In the leading case of *Bussenius* v. *Warden, supra,* upon which the others are based, the court expressly recognized that preliminary statements phrased like the one in the present case were appended to meet the requirements of Political Code, section 3765. What the courts took exception to was the statement in the notices that the lists contained only taxes and costs. In *Bussenius* v. *Warden, supra,* for example, there was a statement in the notice that ". . . the figures appearing opposite each description, were intended to and do represent respectively in dollars or in cents, as the case may be, the amount due for taxes and costs." Similar statements were contained in the notices in *Knoke* v. *Knight, supra; Fleishman* v. *Davis, supra; Redman* v. *Newell, supra; Snodgrass* v. *Errengy, supra,* and *Jones* v. *Walker, supra.* The figures, expressly

set forth as taxes and costs, were clearly exclusive of penalties. In the present case, however, the statement with respect to the figures refers to taxes, percentages and costs, not to isolate penalties therefrom, but merely to specify that they are represented by figures denoting dollars and cents. The statement suggests the inclusion rather than the exclusion of penalties, for the statutes formerly used ''percentage'' in place of ''penalties.'' Before 1895, Political Code, section 3765 required the tax collector to append and publish with the tax list a notice that unless the delinquent taxes, together with costs and percentage were paid, the property would be sold at public auction. In 1895 the Legislature adopted an amendment replacing ''percentage'' with ''penalty'' to denote the percentage that was added as penalty. The new term was chosen, not to inaugurate a new concept but to lend greater precision to the old. It was used in the preliminary statement in the present case as required by section 3765. The question here is not whether the collector was required to use ''penalties'' and not ''percentages,'' but whether a declaration that penalties were excluded from the list should be read into a statement that certain figures represent dollars and cents. Only if the statute had required that the ''penalty'' be set forth as a separate item, would it be violated by a failure to do so or by the setting forth of the item as ''percentage.'' (*Gottstein* v. *Kelly,* 206 Cal. 742 [276 Pac. 347].) In the absence of such a requirement, however, it would be unreasonable to read the exclusion of penalties into the tax collector's reference to ''taxes, costs and percentages.''

In any event the cases relied upon by the defendant were concerned with section 3764 when, as interpreted by *Gottstein* v. *Kelly, supra,* it required taxes, assessments, penalties, and costs to be separately stated. The failure to set forth the amount due for penalties, emphasized by the statements in the notices that penalties were not included, was plainly in violation of the statute as it then read. Immediately after the decision in *Gottstein* v. *Kelly, supra,* however, the Legislature amended section 3764 to make clear that taxes, assessments, penalties and costs were not to be set forth separately, but were to be included in a single total amount. It is with the amended section that the present case is concerned. Cases holding notices invalid for not meeting certain requirements can have no application to notices that must meet new requirements inconsistent with the old.

■ The asserted invalidity of the proceedings leading to the deed to the state on July 15, 1935, is attributed to the failure of the tax collector to include a reference to Political Code section 3817(c)(3) in the notice in the addenda to the delinquent list for 1935, as prescribed by Political Code sections 3764 and 3817(d), as amended in 1935.

Section 3764 provides that "On or before the eighth day of June of each year, the tax collector shall publish the delinquent list. . . ." Section 3766 provides that "the publication must be made once a week for three successive weeks. . . ." The list in question in the present case was first published on June 6, 1935, in accordance with the statutory requirements then prevailing. On June 11, 1935, five days after the first publication, the act adding section 3817(c)(3) to the Political Code and amending section 3817(d) became effective as an urgency measure. (Stats. 1935, p. 1061.) That act required that the notice for the years 1935, 1936, and 1937 refer to the new section 3817(c)(3), which was not in effect on June 6, 1935, and was therefore not mentioned in the published notice.

On June 8, 1935, the contents and form of the list were governed by the law then in effect. The list was made up in conformity with that law and published thereunder, and became the delinquent list for 1935. Since the formulation of the list and its first publication preceded the effective date of the 1935 amendment, its contents and form did not come within the purview of that amendment merely because its two successive publications followed that effective date. Section 3766 requires republication of the list in the form that section 3764 prescribed at the time of the first publication of the list. Precision would be endangered and consistency destroyed under a rule that required deviations from the original list whenever the sequence of its publications fell within the period of statutory changes. Section 3766 contemplated not successive lists, but successive publications of the same list. There are, moreover, practical obstacles to the preparation of delinquent lists. They require time and painstaking care, and it would be unreasonable to expect the tax collector to prepare new lists in the short interval between the required times for publication.

■ Defendant's contention that the tax deed issued to plaintiff was void because section 3817(d) as amended in 1935, prohibited a sale by the state to private individuals

before January 1, 1938, is without merit in view of the 1937 amendment specifically excepting property sold to the state in the year 1930 or earlier years. Defendant errs in contending that she had a vested right to redeem the property after its sale to the state, for under Political Code section 3817 there has never been a privilege of redemption after sale to the state unless the state chooses not to sell the property. The 1935 amendment was simply an election not to sell the property, while the 1937 amendment was an election to permit its sale. Any temporary limitation that the state placed, upon its own freedom to sell in no way diminished the limitation on defendant's privilege of redemption. The state is free to terminate the privilege of the former owner to redeem by fixing the time when it will dispose of the property. ''The Legislature has full control over the sale of property belonging to the state, which it may direct sold, and to regulate or change at any time the method of its disposition.'' (*Buck* v. *Canty,* 162 Cal. 226, 233 [121 Pac. 924] ; see, also, *Baird* v. *Monroe,* 150 Cal. 560, 567 [89 Pac. 352] ; *Young* v. *Patterson,* 9 Cal. App. 469, 471 [99 Pac. 552].) For the same reasons there is no merit in the contention of amicus curiae that Political Code section 3897, as it read in 1929 rather than as in 1935, governed the sale made to the purchaser in 1937. The case of *Anglo-California National Bank* v. *Leland,* 9 Cal. (2d) 347 [70 P. (2d) 937], cited by defendant, holds only that the general rule governing sales to individuals does not prevent the state from extending the period of redemption where it holds the title to tax deeded land as it did in section 3817(c)(4) of the Political Code.

 Defendant contends that the tax collector erred in failing to instruct the United States postal authorities to hold for twenty-one days the notice of the 1935 sale mailed to the defendant pursuant to Political Code section 3771(a). The record proves, however, that the tax collector complied exactly with that section, and was not required thereunder to make such an instruction. There was no instruction on the envelope that it be returned to the tax collector within a certain number of days, as there was in *Joslin* v. *Shaffer,* 66 Cal. App. 69 [225 Pac. 307], and *Healton* v. *Morrison,* 162 Cal. 668 [124 Pac. 240], cited by defendant. The statement in *Numitor Gold Mining Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464], that the collector must give such an instruction disregarded the fact that it is not required by the

statute. This statement was not necessary to the decision in that case and is disapproved.

There is no merit in the contention that the tax levy was void because it called for an amount in excess by $926.61 of the $10,000 budgeted for a certain school district. The excess, which was less than 10 per cent of the item budgeted, was a reasonable allowance for tax delinquency. (Pol. Code, § 3714(5) ; *Ryan* v. *Byram*, 4 Cal. (2d) 596 [51 P. (2d) 872] ; *Otis* v. *County of Los Angeles*, 9 Cal. (2d) 366 [70 P. (2d) 633].)

An examination of the record discloses that the delinquent list for 1935 was published in the body of a newspaper and not in a supplement, as contended by defendant.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Peters, J. pro tem., concurred.

Appellant's petition for a rehearing was denied October 26, 1942.